The PEOPLE of the State of
Colorado, Petitioner,

v.

Phillip R. MOORE, Respondent.

No. 93SC313.

Supreme Court of Colorado,
En Banc.

June 27, 1994.

As Modified on Denial of Rehearing
Aug. 8, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Criminal Enforcement Section, Denver, for petitioner.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the court of appeals decision in *People v. Moore*, 860 P.2d 549 (Colo.App.1993), to determine (1) whether the defendant's conviction for sexual assault on a child was a lesser-included offense that merged into his conviction for first-degree assault under section 18–3–202(1)(d), 8B C.R.S. (1986), and (2) whether voluntary rather than intentional conduct on the part of the actor is a prerequisite to a defendant's liability under a complicity theory.

The defendant was convicted of, among other crimes, first-degree assault while committing a crime and sexual assault on a child and was sentenced by the trial court on both. The first-degree assault conviction was obtained under section 18–3–202(1)(d), 8B C.R.S. (1986), which allows conviction of first-degree assault after proof of one of the felonies enumerated in the statute, and without proof of intent to cause injury. The court of appeals held that the class 3 felony of sexual assault on a child merged into the class 5 felony of first-degree assault after provocation under section 18–3–202(1)(d). The jury found the defendant guilty of sexual assault on a child based on a complicity theory. The jury had been instructed that, in order to convict, it had to find that another person *"intended* to commit" the crime of sexual assault on a child and that the defendant knew that person intended to commit the crime. The court of appeals instead inferred a voluntariness standard to assess the conduct of the actor and held that the evidence could not sustain the jury's decision that the person who committed the assault acted *voluntarily.* It therefore ruled that the trial court erred in giving the complicity instruction.

We reverse the court of appeals on both issues, and hold that, under section 18–3–202(1)(d), 8B C.R.S. (1986), when there are separate victims for each crime, an underlying conviction of sexual assault on a child does not merge into a conviction of first-degree assault while committing a crime. We further hold that the jury instruction on complicity which required intent rather than voluntariness was correct. We reverse and remand with instructions to the court of appeals to reinstate the convictions.

## I.

On January 15, 1989, the defendant, Phillip Moore (Moore), his wife, and two children were living in an apartment at the Bugs Bunny Motel in Lakewood. From early afternoon until approximately 8 p.m., Moore physically assaulted his wife, slapping and punching her, choking her, hitting her with a belt, and burning her with a cigarette, and forced her to perform various sex acts while the children watched. During this time, he also forced her to sexually assault their twelve-year-old daughter, and attempted to force her to sexually assault their seven-year-old son. Eventually, a neighbor called for assistance and police and paramedics took Moore's wife to a hospital. Her body was severely bruised, particularly her interior thighs and buttocks. She also suffered inter-

nal bleeding and had experienced severe trauma to her vaginal area. She went into cardiac arrest and the doctors performed open heart massage and administered electric shocks to restore her heartbeat. The doctors were also forced to remove her spleen. She remained in critical condition for three weeks and was hospitalized for several months.

Moore was arrested later that night after the children had spoken with social workers, and was charged with attempted second-degree murder,[1] five counts of first-degree assault,[2] three counts of sexual assault on a child,[3] and four "violent crime" sentence enhancement counts.[4] Moore's wife and the two children testified at trial. Moore also testified, admitting the assault but claiming that he had assaulted his wife in the "heat of passion." He claimed the beating began after he discovered his wife masturbating alone in their bedroom, and was renewed in the late afternoon when he observed his wife engaged in sex acts with their daughter.

The case was submitted to the jury on the attempted second-degree murder charge and its accompanying crime of violence count; on one count of first-degree assault while committing a crime; and on three counts of sexual assault on a child, which the parties and the trial court agreed would merge if Moore was convicted of more than one of them. Because Moore did not sexually assault his daughter directly, the jury was given a complicity instruction based on section 18-1-603, 6B C.R.S. (1986). The jury was instructed that, in order to convict, it must find that another person [the wife] intended to commit the crime of sexual assault on a child, that Moore had knowledge that she intended to commit the crime, and that Moore did intentionally aid, abet, advise, or encourage the commission of the crime.[5]

Moore was convicted on all counts. However, because the jury found that Moore's first-degree assault on his wife was committed "after provocation," the crime was reduced from a class 3 felony to a class 5 felony. He was sentenced to thirty-two years on the attempted second-degree murder conviction, eight years on the assault, and thirty-two years on each of the three counts of sexual assault on a child. The sexual assault sentences were to run concurrently, but all other sentences were to be served consecutively. The prosecution conceded on appeal that the three counts of sexual assault on a child should merge into one count of sexual assault on a child.[6]

The court of appeals reversed Moore's conviction for sexual assault on a child, holding that the conviction on the class 3 felony of sexual assault on a child merged into the class 5 felony of first-degree assault. It also reversed Moore's convictions for sexual assault on a child and for first-degree assault because it found that the jury instruction on complicity was erroneously given.

## II.

We first address the issue of whether, under section 18-3-202(1)(d), 8B C.R.S. (1986), the conviction for class 3 sexual assault on a child must merge into the conviction for first-degree assault.

### A.

First-degree assault may be proved by several different theories. In this case, the prosecution chose to prove that Moore had committed first-degree assault on his wife in the course of the sexual assault on their daughter. Section 18-3-202, 8B C.R.S. (1986), states:

(1986), which provides that a person is legally accountable for the behavior of another if that person "causes an innocent person to engage in such behavior." § 18-1-602(1)(b), 8B C.R.S. (1986); see CJI–Crim. No. 6:03 (1983).

1. §§ 18-2-101, 18-3-103, 8B C.R.S. (1986).

2. § 18-3-202, 8B C.R.S. (1986).

3. § 18-3-405, 8B C.R.S. (1986).

4. § 16-11-309, 8A C.R.S. (1986).

5. See CJI–Crim. No. 6:04 (1983). We note that Moore could have been convicted of sexual assault on a child under § 18-1-602, 8B C.R.S.

6. See People v. Lowe, 660 P.2d 1261 (Colo.1983).

**Assault in the first degree.** (1) A person commits the crime of assault in the first degree if:

....

(d) ... he commits or attempts to commit murder, robbery, arson, burglary, escape in the first degree, kidnapping in the first degree, sexual assault in the first or second degree, or class 3 felony sexual assault on a child and in the course of or in furtherance of the crime that he is committing or attempting to commit, or of immediate flight therefrom, the serious bodily injury of a person, other than a participant in the commission or attempted commission of the crime, is caused by anyone; ...

....

(2)(a) If assault in the first degree is committed under circumstances where the act causing the injury is performed, not after deliberation, upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person, it is a class 5 felony.

(b) If assault in the first degree is committed without the circumstances provided in paragraph (a) of this subsection (2), it is a class 3 felony.

In order to prove that Moore was guilty of first-degree assault on his wife, the prosecution first had to prove that he committed a class 3 felony sexual assault on his daughter. First-degree assault under section 18–3–202(1)(d) is like a strict liability crime. The prosecution need not prove that the defendant intended to cause serious bodily injury or disfigurement or that he knowingly created a grave risk of death to another.[7]

■ A defendant may be convicted of more than one offense arising out of a single incident if he has violated more than one statute. § 18–1–408(7), 8B C.R.S. (1986); *People v. Salas,* 189 Colo. 111, 116, 538 P.2d 437, 441 (1975). However, in the absence of legislative authorization, a defendant may not be convicted of more than one offense if one offense is a lesser included offense of the other. *Armintrout v. People,* 864 P.2d 576,

578 (Colo.1993); § 18–1–408(1)(a), 8B C.R.S. (1986). This result is also required by the judicially created rule of merger. *People v. Bartowsheski,* 661 P.2d 235 (Colo.1983). Section 18–1–408(5)(a), 8B C.R.S. (1986), defines a lesser included offense as one "established by proof of the same or less than all the facts required to establish the commission of the offense charged." Case law pertaining to the rule of merger treats an offense as lesser included when proof of the essential elements of the greater offense necessarily establishes the elements required to prove the lesser offense. *Armintrout,* 864 P.2d at 579.

### B.

■ We resolve the issue of whether Moore's conviction for sexual assault on a child merges into his conviction for first-degree assault on statutory grounds. We do not base our holding on a double-jeopardy analysis under the Fifth and Fourteenth Amendments to the United States Constitution, nor on the corresponding provision of the Colorado Constitution found in article II, section 18. However, because an "identical analysis is employed to determine whether an offense is the same or lesser included for purposes of both double jeopardy and merger," *People v. Henderson,* 810 P.2d 1058 (Colo.1991), we may properly look to double-jeopardy analysis for guidance.

The Double Jeopardy Clause of the United States Constitution protects against a second prosecution for the same offense and against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The test for determining whether two offenses are sufficiently different to allow the imposition of cumulative punishment was stated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932): "[T]he test to be applied to determine whether there are two offenses or only one[ ] is whether each provision requires proof of a fact which the other does not." "This test emphasizes the elements of the two crimes." *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct.

---

7. *See* § 18–3–202(1)(a)–(c).

2221, 2225, 53 L.Ed.2d 187 (1977). Under the *Blockburger* test, a greater offense is the same for purposes of double jeopardy as any lesser offense included in it. *Id.* at 168, 97 S.Ct. at 2226–27. In the situation of felony murder, "conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, [and] the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one." *Harris v. Oklahoma,* 433 U.S. 682, 682, 97 S.Ct. 2912, 2913, 53 L.Ed.2d 1054 (1977) (citing *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889)); *see also Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Boulies v. People,* 770 P.2d 1274 (Colo.1989) (holding that double jeopardy prevented conviction on both felony murder and the underlying felony of aggravated robbery).

However, the United States Supreme Court has also stated that double-jeopardy analysis under the *Blockburger* line of cases is not an absolute guarantee against multiple prosecutions or convictions: "[T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments[.]" *Brown v. Ohio,* 432 U.S. at 165, 97 S.Ct. at 2225. "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Id.*

## C.

■ ■ The court of appeals held that the crime of first-degree assault under section 18–3–202(1)(d) was similar to felony murder. Like felony murder, the court of appeals ruled, where the underlying felony provides the *mens rea* for the killing and merges into

the murder conviction, here sexual assault on a child was a lesser included offense that merged into the conviction for first-degree assault. Emphasizing the similarities between the felony murder and first-degree assault statutes, the court of appeals noted that, if a person suffers serious bodily injury during the commission of one of the predicate offenses, the crime is that of first-degree assault, but if death results, first-degree murder is committed.

The court of appeals equated felony murder to first-degree assault and applied our holding in *People v. Bartowsheski,* 661 P.2d 235 (Colo.1983). *Bartowsheski* was a felony murder case in which we construed section 18–1–408, 8 C.R.S. (1978), the statute prohibiting conviction of a lesser included offense when the defendant is also convicted of the greater offense.[8] We held in *Bartowsheski* that, because of this statute, the defendant could not be convicted of both the underlying felony—robbery—and first-degree murder, because robbery was a lesser included offense in the felony murder. Here, the court of appeals, applying *Bartowsheski,* ruled that sexual assault on a child was a lesser included offense of first-degree assault, and that Moore could not be convicted of both.

The court of appeals also ruled that our decision in *Bartowsheski* implicitly overruled *People v. Rael,* 199 Colo. 201, 612 P.2d 1095 (1980). *Rael* represents the only case in which we specifically addressed the relationship between the offense of first-degree assault while committing a crime, section 18–3–202(1)(d), and double jeopardy. Applying the *Blockburger* test in *Rael,* we found that because the underlying crime, burglary, and first-degree assault each required proof of an additional fact not necessary in proof of the other, the defendant was not placed in double jeopardy.

---

8. The relevant part of § 18–1–408, 8B C.R.S. (1986), states:

   **Prosecution of multiple counts for the same act.** (1) When any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not be convicted of more than one offense if:

   (a) One offense is included in the other, as defined in subsection (5) of this section;

   . . . .

   (5) . . . An offense is so included when:

   (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]

### D.

We do not agree that *Bartowsheski* and the analogy to felony murder are applicable to this case.[9] Felony murder is classified as murder in the first degree. A conviction for felony murder is obtained when a person:

> commits or attempts to commit arson, robbery, burglary, kidnapping, sexual assault in the first or second degree ..., or a class 3 felony for sexual assault on a child as provided in section 18–3–405(2), and, in the course of or in furtherance of the crime that he is committing or attempting to commit, or of immediate flight therefrom, the death of a person, other than one of the participants, is caused by anyone.

§ 18–3–102(1)(b), 8B C.R.S. (1986). The language of the felony murder statute is similar to the first-degree assault statute, and the enumerated underlying offenses are essentially the same. However, where, in felony murder, the underlying offenses are less serious than felony murder, in first-degree assault the underlying offenses are significantly more serious than assault.

Closer examination of section 18–3–202(1)(d) provides some guidance. Section 18–3–202(1)(d) is uncommon; only three other states have similar laws under which a prosecutor may prove first-degree assault by demonstrating the commission of an underlying felony.[10] Section 18–3–202(1)(d) was enacted by the Colorado Legislature in 1971 (Ch. 121, sec. 1, § 40–3–202, 1971 Colo.Sess. Laws 420), and no legislative history is available from this time period.

We must presume that the General Assembly intended a reasonable result when it enacted section 18–3–202(1)(d). *Ingram v. Cooper*, 698 P.2d 1314, 1315 (Colo.1985). A statutory interpretation that leads to an absurd result will not be followed. *Id.*

Section 18–3–202(1)(d) is used appropriately in situations like this one, where the victims are individually affected by two criminal acts of the defendant, that is, when the assault is committed upon a person who is not the victim of the underlying felony. It would be illogical to charge a defendant with assault under section 18–3–202(1)(d) when there is only one victim. Proving another count of assault under section 18–3–202(1)(d) would be superfluous after the prosecutor has proved an offense such as murder or kidnapping. In several of the underlying offenses listed in section 18–3–202(1)(d), assault is itself a lesser included offense, which the prosecutor would have to show to prove the more serious felony. As a lesser included offense, assault would merge into the more serious felony. If there is only one victim, and one criminal act, the defendant can be convicted of only one count of assault. *People v. Lowe*, 660 P.2d 1261 (Colo.1983) (concluding that a defendant can be convicted of only one first-degree murder for one killing).

Applying section 18–3–202(1)(d) to cases in which there is only one victim creates a contradictory situation. As noted above, assault generally merges into the more serious felonies listed in section 18–3–202(1)(d). At the same time, however, under section 18–3–202(1)(d), the more serious felony would merge into assault. When the statute is applied to cases in which two victims have been injured this circularity does not arise.

### E.

We conclude that the serious felonies enumerated in section 18–3–202(1)(d) do not merge into the crime of first-degree assault. We find that section 18–3–202(1)(d) requires separate punishment for first-degree assault and for the underlying felony with which a defendant is charged, and that the underly-

---

9. Nor do we agree that *Bartowsheski* implicitly overruled *Rael*, not only because the felony murder and first-degree assault statutes are dissimilar, but also because *Bartowsheski* involved only one victim, and *Rael* and this case involved more than one.

10. They are Alabama, Ala.Code § 13A–6–20(a)(4) (1982); Delaware, Del.Code Ann. tit. 11, § 613(4) (1987); and New York, N.Y. Penal Law art. 120 § 120.10(4) (McKinney 1987). Only the Delaware statute has been construed by a court. *Hackett v. State*, 569 A.2d 79 (Del.1990) (holding that the defendant had no double-jeopardy claim because the legislature intended that each violation be treated as a separate offense).

ing felony is not a lesser included offense. We reach this conclusion based on our analysis of the statute and its logical purpose, and on the guidance provided by constitutional double-jeopardy analysis. However, we restrict this holding to cases in which there are separate victims of the assault and the underlying felony, as there were in this case.

### III.

■ We now turn to the issue of the jury instruction on complicity. Moore was charged with the sexual assault of his daughter on the theory of complicity, pursuant to section 18–1–603, 8B C.R.S. (1986). The jury received the following instruction on deciding Moore's guilt by complicity in the sexual assault:

> A person is guilty of an offense committed by another person if he is a complicitor. To be guilty as a complicitor, the following must be established beyond a reasonable doubt:
>
> 1. A crime must have been committed,
>
> 2. Another person must have committed all or part of the crime,
>
> 3. The defendant must have had knowledge that the other person *intended* to commit (all or part of) the crime,
>
> 4. The defendant did intentionally aid, abet, advise, or encourage the other person in the commission or planning of the crime.[11]

11. Although the statute does not expressly require proof of the defendant's knowledge of the principal's intent, referred to in paragraph three of the instruction, this element of complicity has long been recognized by this court. *See, e.g., People v. Wheeler,* 772 P.2d 101, 103 (Colo.1989); *People v. Thompson,* 655 P.2d 416, 418 (Colo. 1982); *Mulligan v. People,* 68 Colo. 17, 29, 189 P. 5, 10 (1920).

12. The court of appeals apparently introduced this mode of analysis *sua sponte.* At trial, Moore objected to the complicity instruction on three grounds: that no one else had been charged with the offense of sexual assault on a child; that the evidence did not establish that he aided and abetted his wife's conduct; and that the instruction was inconsistent with the prosecution's theory that Moore had forced his wife to commit the conduct. In his brief filed with the court of appeals, Moore argued that, because at trial the prosecution did not attempt to show that Moore's

(Emphasis added); *see* CJI–Crim. No. 6:04. The jury found Moore guilty of the sexual assault of his daughter on the theory of complicity.

### A.

The court of appeals ruled that the trial court erred in giving this complicity instruction because "the evidence here could not justify any finding that the wife voluntarily committed a sexual assault on her daughter." *People v. Moore,* 860 P.2d at 554.[12] Moore argues that the court of appeals' resolution of this issue was correct. He relies on section 18–1–502, 8B C.R.S. (1986), which states that "[t]he minimum requirement for criminal liability is the performance by a person of conduct which includes a voluntary act." He asserts that, because his wife's actions were not voluntary, he could not be liable for them as a complicitor. Moore misconstrues section 18–1–502, which, if read as a whole, exists to differentiate between crimes of strict liability and those requiring a culpable mental state. To be deemed "voluntary" under this section, the act "must be the product of conscious mental activity involving effort or determination." *People v. Rostad,* 669 P.2d 126, 129 (Colo.1983). Moore also fails to note that section 18–1–501(9), 8B C.R.S. (1986), provides the following definition of "voluntary act": "an act performed consciously as a result of effort or determination." [13]

wife intended to commit the offense of sexual assault on a child, the evidence did not establish that Moore knew his wife intended to commit that offense. Moore did not argue that his wife's acts were involuntary.

13. *See also* Model Penal Code § 2.01 (1962), which clarifies the meaning of "voluntary act" as follows:

> (2) The following are not voluntary acts within the meaning of this Section:
> (a) a reflex or convulsion;
> (b) a bodily movement during unconsciousness or sleep;
> (c) conduct during hypnosis or resulting from hypnotic suggestion;
> (d) a bodily movement that otherwise is not a product of the effort or determination of the actor, either conscious or habitual.

Thus, even assuming that the issue of whether Moore's wife acted voluntarily was before the court of appeals, the record contains evidence to support a finding that she did perform the outrageous acts demanded by Moore consciously—with awareness of the fact that she was performing them—and that the acts were performed as the result of her effort.

### B.

Moore further argues that he was wrongly convicted as a complicitor because his wife did not intend to commit the offense of sexual assault on a child. The jury instruction required the jury to conclude that Moore acted with the knowledge that his wife intended to commit the offense. Moore's argument is without merit.

Whether Moore had knowledge that his wife intended to commit the offense of sexual assault on a child depends in part on the definitions of intent and of the relevant offense. A person acts "intentionally" or "with intent" if the person's "conscious objective is to cause the specific result proscribed by the statute defining the offense." § 18–1–501(5), 8B C.R.S. (1986). The offense of sexual assault on a child is defined in section 18–3–405(1), 8B C.R.S. (1986):

> Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.

"Sexual contact" is defined by section 18–3–401(4), 8B C.R.S. (1986), as follows:

> [T]he knowingly touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowingly touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact can reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse.

In footnotes three and four of *People v. West,* 724 P.2d 623, 628 (Colo.1986), we construed the phrase "can reasonably be construed" contained in the definition of sexual contact contained in section 18–3–401(4) to encompass a requirement of specific intent that the touching be done for the purposes of sexual arousal, gratification, or abuse. Thus the culpable mental state required for the commission of sexual assault on a child is knowing[14] touching that is specifically intended to be for the purposes of sexual arousal, gratification, or abuse.

The "intent" referred to in the third element of the complicity instruction is established if the principal has the culpable mental state necessary for the commission of the relevant offense. The record here contains sufficient evidence to establish that Moore's wife abused the child, was in a position of trust with respect to her child, and knowingly touched her child's intimate parts and forced the child to touch her intimate parts in a manner specifically intended to be for the purpose of Moore's sexual arousal or gratification, or for his abuse of the child. The record also contains sufficient evidence to support the conclusion that Moore knew that his wife acted with the culpable mental state required for commission of the offense.[15] Thus, we hold that the evidence supports the jury's finding that Moore had knowledge that his wife intended to commit the offense of sexual assault on a child, and that the court of appeals erred in reversing Moore's conviction of this offense.

---

**14.** A person acts "knowingly" or "willfully" "with respect to conduct or to a circumstance described by a statute ... when he is aware that his conduct is of such nature or that such circumstance exists," and, "with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result." § 18–1–501(6), 8B C.R.S. (1986).

**15.** Had she been charged with the offense of sexual assault on a child, Moore's wife no doubt would have asserted various affirmative defenses

to the allegations. The availability of such defenses and speculation as to whether she might or might not be convicted of such offense are not germane to the issues here presented. *See People v. Jones,* 184 Colo. 96, 100, 518 P.2d 819, 822 (1974) (quoting *Roberts v. People,* 103 Colo. 250, 257, 87 P.2d 251, 255 (1938)) (" 'The guilt or innocence of [a complicitor] depends as to one element on the *factual status* of the principal as to guilt or innocence; *not on his legal status* as regards liability or nonliability to suffer a penalty.' ").

## IV.

We reverse the court of appeals and remand to reinstate the judgment of conviction.