**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kenneth Coquette FISHER, Defendant–Appellant.**

No. 93CA0894.

Colorado Court of Appeals, Div. IV.

Dec. 29, 1994.

Rehearing Denied Feb. 16, 1995.

Certiorari Denied Nov. 14, 1995.

Cross-Petition for Writ of Certiorari Granted Nov. 14, 1995.*

* Cross–Petition for Writ of Certiorari GRANTED, and the judgment of the Colorado Court of Appeals is vacated. The case is remanded to the Colorado Court of Appeals for reconsideration in light of *People v. Glover,* 893 P.2d 1311 (Colo. 1995).

1328

Gale A. Norton, Atty. Gen., Stephen K.
ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Seidel,
Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State
Public Defender, Denver, for defendant-appellant.

Opinion by Judge CASEBOLT.

Defendant, Kenneth Coquette Fisher, appeals a judgment of conviction entered on jury verdicts finding him guilty of two counts of first degree assault, one count of aggravated robbery, and two counts of crime of violence. We affirm in part, vacate the aggravated robbery conviction, and remand for resentencing on the remaining convictions.

According to the prosecution's evidence, consisting principally of the victim's testimony, the following events occurred. Using a pretext, the co-defendant lured the victim to co-defendant's motel room, intending to rob the victim. After the victim entered the room, the co-defendant grabbed him around the throat, pushed him down on to a bed, jumped on him, forced him to put a sock in his mouth, and then pushed him into a chair.

At this point, the victim saw the defendant enter the room, and both men then took the victim's car keys, money, checkbook, and watch.

When the victim attempted to get up, the defendant punched him twice and the co-defendant tied him to the chair. While the

co-defendant was doing so, defendant put both arms around the victim's neck and threatened to kill him. Thereafter, according to the victim, he was struck in the head with a hammer and lost consciousness.

As a result of this incident, both perpetrators were charged with various offenses. The co-defendant entered a guilty plea to one count of aggravated robbery and was called by the prosecution as a witness at defendant's trial.

The co-defendant testified that he had planned the robbery of the victim before the defendant came to his motel room and did not tell defendant about his plan. He also stated that he hit the victim on the head with the hammer because he panicked when the victim did not cooperate. The co-defendant further claimed that he hit the victim before the defendant even entered the room and that defendant played no role in the attack.

## I.

█ Defendant contends that his conviction for aggravated robbery must merge into one of his convictions for first degree assault because the assaults were committed during the course of the robbery. We agree with the defendant that the conviction for aggravated robbery cannot stand.

█ A defendant may be convicted of multiple offenses arising out of a single transaction if he has violated more than one statute. However, the rule of merger precludes a conviction for a crime that is a lesser-included offense of another crime for which the defendant has also been convicted in the same prosecution. *People v. Halstead,* 881 P.2d 401 (Colo.App.1994).

█ A lesser-included offense is one which is established by proof of the same or less than all of the facts required to establish the commission of the offense charged. Section 18–1–408(5)(a), C.R.S. (1986 Repl.Vol. 8B). Hence, when proof of the essential elements of the greater offense necessarily establishes the elements required to prove the lesser offense, the offenses are not sufficiently distinguishable under the doctrine of merger to permit two separate convictions to stand. *People v. Moore,* 877 P.2d 840 (Colo.1994).

In this case the defendant was charged with two counts of first degree assault. One count, premised on § 18–3–202(1)(a), C.R.S. (1986 Repl.Vol. 8B), required proof of defendant's intent to cause serious bodily injury and required a finding that defendant actually caused the serious bodily injury to another person by use of a deadly weapon. Section 18–3–202(1)(a), C.R.S. (1986 Repl.Vol. 8B).

The other count charging first degree assault pursuant to § 18–3–202(1)(d), C.R.S. (1986 Repl.Vol. 8A), required proof that defendant, alone or with another person, committed or attempted to commit robbery, and in the course of or in furtherance of that crime, caused serious bodily injury to another person.

This latter charge required proof that the defendant committed the crime of robbery. Hence, in order to convict the defendant of first degree assault under this count, the jury was required to find the existence of every element of the predicate felony, plus the additional element of causing serious bodily injury to the victim. *See People v. Halstead, supra.*

In *People v. Griffin,* 867 P.2d 27 (Colo. App.1993), a division of this court concluded that, under circumstances similar to these, the separately charged crime of attempted aggravated robbery is necessarily a lesser-included offense of the crime of first degree assault. Under the circumstances of this case, we agree with that holding, and conclude that aggravated robbery is a lesser-included offense of the crime of first degree assault.

The victim specified in the first degree assault count was the same as specified in the aggravated robbery count. Therefore, the elements necessary to prove the crime of first-degree assault under § 18–3–202(1)(d) of the first degree assault statute necessarily establish all of the elements of the aggravated robbery charged here. Hence, we conclude that the aggravated robbery conviction must merge into the conviction for first degree assault.

The People's reliance on *People v. Moore, supra,* to support their argument that the

offenses should not merge, is misplaced. In *Moore,* the court did find that § 18–3–202(1)(d) requires separate punishment for first degree assault and for the underlying felony with which a defendant is charged, and that the underlying felony is not a lesser-included offense. However, the court in *Moore* specifically limited its holding in that case to situations in which there are separate victims of the assault and the underlying felony. Since there was only one victim here, the holding in *Moore* is inapplicable.

■ In *People v. Halstead, supra,* the court recognized the anomaly inherent in vacating a conviction for an offense carrying a more severe penalty than the first degree assault conviction. Nevertheless, the panel determined that at present the law in Colorado requires that result.

Likewise, here, where both first degree assault and aggravated robbery are class three felonies, we recognize the anomaly of holding that one such felony can merge with the other. Similarly, we are fully aware that treating one class three felony as a "lesser-included offense" of another class three felony departs from the traditional view of a lesser included offense as a less serious crime with a lesser penalty, not merely a crime with fewer included elements. *See People v. Halstead, supra.*

Nevertheless, we are bound by the existing statutory scheme. Consequently, the solution to this anomaly lies with the General Assembly, not with this court. For these reasons we must reject the People's argument that the aggravated robbery conviction can be upheld under existing law.

## II.

Defendant also contends that there was insufficient evidence to support the jury verdicts that he was guilty of first degree assault and aggravated robbery as either a principal or a complicitor. Thus, he reasons, he was entitled to an acquittal. We disagree.

■ A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support the conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

■ As is pertinent here, a person commits the crime of aggravated robbery by taking anything of value from the person or presence of another by the use of force, threats, or intimidation and, during the act of the robbery or the immediate flight therefrom, by knowingly striking or wounding the person robbed with a deadly weapon. Section 18–4–302, C.R.S. (1986 Repl.Vol. 8B).

■ While the specific intent to commit first degree assault is an element which must be established beyond a reasonable doubt, *People v. Walker,* 189 Colo. 545, 542 P.2d 1283 (1975), this element may be inferred from the facts and circumstances surrounding the offense. *People v. Edwards,* 184 Colo. 440, 520 P.2d 1041 (1974).

■ In addition to being instructed on the elements of aggravated robbery and first degree assault (as set out in part I above), the jury was also instructed on the theory of complicity. Complicity is not a separate and distinct crime under the criminal code, but rather a theory by which a defendant becomes legally accountable for a criminal offense committed by another. *People v. Thompson,* 655 P.2d 416 (Colo.1982).

■ A person is legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he or she aids, abets, or advises the other person in planning or committing the offense. Section 18–1–603, C.R.S. (1986 Repl.Vol. 8B).

■ Conviction as a complicitor requires that a crime be committed by another person, that the defendant have knowledge that the other person intended to commit the crime, and that the defendant intentionally aided, abetted, encouraged, or advised the other person in the commission or planning of the crime. *People v. Wilson,* 791 P.2d 1247 (Colo.App.1990). Under a complicity

theory, although all of the elements of a crime must have been committed, it is not necessary that any single person have done so. It is only necessary that the acts of the complicitor and the other actor or actors, together, constitute all acts necessary to complete the offense. *People v. Mershon*, 844 P.2d 1240 (Colo.App.1992), *aff'd in part and rev'd in part on other grounds*, 874 P.2d 1025 (Colo.1994).

We conclude that the jury's verdicts finding the defendant guilty of aggravated robbery and first degree assault are amply supported by the direct and circumstantial evidence and the inferences to be drawn therefrom.

■ With respect to the aggravated robbery charge, the victim testified that both of his assailants took his car keys, checkbook, and cash, and that it was the defendant who took the watch from his wrist. When the victim tried to fight back the defendant punched him twice. The defendant also threatened to kill the victim while his hands were around the victim's neck.

The victim further testified that just before defendant hit him for the first time, the defendant asked the co-defendant where the money was. And, although the victim could not see who hit him with the hammer, both the perpetrators were standing in back of him just before he was hit and lost consciousness.

There was also evidence that, shortly after the victim was hit with the hammer, a motel clerk saw the co-defendant in the lobby, but did not see any blood on his hands or clothing. However, there was blood on a cup which defendant had handled while in the motel room. And, defendant followed the co-defendant's instructions when trying to flee from the crime scene.

This evidence and the inferences to be drawn therefrom establish defendant's guilt as a complicitor to the charge of aggravated robbery.

■ Contrary to defendant's argument, there was sufficient evidence to convict defendant as a complicitor for aggravated robbery as opposed to simple robbery. It is not necessary that the complicitor know all of the specifics of the crime which the principal intends to commit. He simply must have knowledge that the principal is engaging in criminal activity and must intend to aid in that criminal conduct. *People v. Close*, 867 P.2d 82 (Colo.App.1993).

Here, defendant's knowledge that the co-defendant intended to commit a robbery, his knowledge that robbery was a criminal offense, and his intent to assist in the commission of that offense make him accountable for all of the co-defendant's acts and allow him to be convicted of aggravated robbery. *See People v. Close, supra.*

■ Similarly, the record supports the jury's determination that defendant was guilty beyond a reasonable doubt of first degree assault. As discussed above, defendant was a complicitor in the robbery of the victim. In the course of or in furtherance of that crime, the victim was seriously injured by one of the individuals involved in the robbery. And, as a complicitor, defendant may be held responsible for that serious bodily injury whether or not he knew that someone else intended to inflict it.

Although the co-defendant indicated in his testimony that the defendant was not at all involved in the crimes, it was the jury's role to decide questions of witness credibility and the weight to be given to conflicting items of evidence. *People v. Quick*, 713 P.2d 1282 (Colo.1986). Accordingly, there is no basis for reversal of the convictions based on the sufficiency of the evidence.

### III.

Defendant finally contends that one of the court's instructions improperly focused the jury's attention on one aspect of the evidence, thereby highlighting the prosecution's theory of the case and diminishing his own theory. We find no reversible error.

The record reveals that the co-defendant made several statements at defendant's trial which were inconsistent with statements he made previously to police and prosecutors. One instruction informed the jury as follows:

Where a witness has made a previous statement inconsistent with the witness's

testimony at trial, the previous inconsistent statement is admissible not only for the purpose of impeaching the testimony of the witness but also for the purpose of establishing a fact [to] which the testimony and the inconsistent statement relate.

We initially note that defendant did not raise this objection during the trial. Accordingly, we consider his claim under the plain error standard of review. Under this standard, reversal is required only if, after reviewing the record, we may say with fair assurance that the alleged error substantially influenced the verdict or seriously affected the rights of the accused and the fairness of the proceedings so as to cast doubt on the reliability of the judgment. Crim.P. 52(b); *Wilson v. People,* 743 P.2d 415 (Colo.1987).

Section 16–10–201, C.R.S. (1986 Repl.Vol. 8A) specifically allows proof of previous inconsistent statements by otherwise competent evidence not only for the purpose of impeaching the testimony of a witness, but also for the purpose of establishing a fact to which his testimony and the inconsistent statement relate. In order to use the evidence for both purposes, the witness, while testifying, must be given the opportunity to explain or deny the statement, or must still be available to give further testimony in the trial, and the previous inconsistent statement must relate to a matter within the witness' own knowledge. *Montoya v. People,* 740 P.2d 992 (Colo.1987).

When the foundational requirements have been satisfied, the prior inconsistent statement is admissible for all purposes in a criminal trial. *People v. Madril,* 746 P.2d 1329 (Colo.1987).

Here, the foundational requirements of § 16–10–201 were met. The co-defendant was given the opportunity during the course of his testimony to explain or deny his prior inconsistent statements. Furthermore, the prior statements certainly related to matters within his own knowledge. Hence, the statements were admissible not only for impeachment purposes but also to establish the facts to which the statements related. This is precisely what the court instructed the jury with regard to the statements. The instruction was taken directly from the statute itself and was correct in all respects. *See People v. Madril, supra.*

Moreover, we do not agree that the instruction improperly focused the jury's attention on only one aspect of the evidence, thereby highlighting the prosecution's theory of the case. The jury was instructed repeatedly to consider all of the evidence and was given a general credibility instruction. When we consider the instructions as a whole, *see People v. Manier,* 184 Colo. 44, 518 P.2d 811 (1974), we are satisfied that no single instruction overshadowed the others and that the jury was properly instructed.

Contrary to defendant's claim, the challenged instruction did not address specifically how the jury was to consider the co-defendant's testimony, but rather clarified that the testimony could be considered for two different purposes. It was then up to the prosecutor to try to prove which of the statements was truthful, and up to the jury to make that ultimate determination based on all of the evidence.

Furthermore, we find no merit in defendant's argument that no instruction should have been given by the court because the previously approved instruction for use in regard to inconsistent statements under COLJI–Crim. No. 4:8 (1973) was superseded by § 16–10–201. When an instruction substantially parallels the applicable statute and is warranted by the evidence adduced at trial, it is properly given. *See People v. Madril, supra.*

Therefore, we conclude that no plain error was occasioned as a result of the instruction on prior inconsistent statements.

The judgment of conviction for aggravated robbery is vacated, and the cause is remanded for resentencing on the remaining convictions. The judgment in all other respects is affirmed.

MARQUEZ and ROTHENBERG, JJ., concur.