UNITED STATES COURT OF APPEALS
**Filed 10/23/96**
TENTH CIRCUIT

JERRY WAYNE DEAS,

        Plaintiff-Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN, in
his official capacity, aka DUANE
SHILLINGER and ATTORNEY
GENERAL OF THE STATE OF
WYOMING,

        Defendants-Appellees.

No.96-8036
(Dist. Wyoming)
(D.C. No. 95-CV-30)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **LOGAN,** and **MURPHY**, Circuit Judges.

        After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Petitioner Jerry Wayne Deas, appearing *pro se*, petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed the petition and denied Deas a certificate of probable cause for leave to proceed on appeal. Deas appeals. This matter is before the court on Deas's application for a certificate of probable cause and a motion for leave to proceed on appeal *in forma pauperis*.

## I.

Deas pleaded guilty to one count of delivery of a controlled substance in violation of Wyo. Stat. § 35-7-103(a)(I) and was sentenced to a term of not less than eight years nor more than sixteen years in the Wyoming State Penitentiary. Deas never filed a direct appeal of the judgment entered pursuant to his guilty plea. Eventually, however, he brought a petition for post-conviction relief before the state district court asserting the following claims: (1) his Fourth Amendment rights were violated by the search of a package belonging to him; (2) his plea was involuntary; and (3) his representation was constitutionally defective. The state court dismissed Deas's claims, finding that they should have been raised on direct appeal.

Deas raised these same issues in his § 2254 petition before the federal district court. The district court dismissed the petition, finding that Deas's claims were procedurally barred and that Deas had failed to demonstrate cause and prejudice for the procedural default or that a miscarriage of justice would result if his claims were not considered. The district court denied Deas's petition for probable cause and motion to proceed *in forma pauperis*.

## II.

Because Deas is not entitled to a certificate of appealability, this court dismisses his appeal. Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act") requires state habeas petitioners to obtain certificates of appealability prior to seeking appellate review of final orders in habeas corpus proceedings. Pub. L. 104-132, 110 Stat. 1214 (codified at 28 U.S.C. § 2253). This court has concluded that the Act's certificate of appealability requirement applies retroactively in § 2254 proceedings. *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996). Accordingly, we proceed to determine whether Deas is entitled to a certificate of appealability.

A habeas petitioner is entitled to a certificate of appealability only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c). In *Lennox*, this court held that the standard for granting a certificate of appealability under the Act is the standard set out by the Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880 (1983). Under the *Barefoot* standard, a certificate of appealability will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. *Id.* at 893 n.4.

This court has reviewed the magistrate's Report and Recommendation, the district court's Order, Deas's brief, and the entire record before us on appeal. We conclude that Deas has failed to make a "substantial showing of the denial of a constitutional right" for the reasons set forth in the magistrate's Report and Recommendation and the district court's Order. Accordingly, we **DENY** Deas a certificate of appealability and **DISMISS** his appeal. Furthermore, in light of our disposition above and because Deas has failed to advance a rational argument on

the law and facts in support of the issues presented on appeal, we **DECLINE** to grant him leave to proceed *in forma pauperis*.  28 U.S.C. § 1915(d).[1]

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[1]Two circuits have held that the provisions of the newly enacted Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321, ----, do not apply to habeas corpus actions because habeas corpus petitions are criminal rather than civil in nature.  *United States v. Martin*, Nos. 96-2011, 96-2267, 96-2541, 96-2568, 96-8027, 1996 WL 528816, at *2 (7th Cir. Sept. 4, 1996); *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir 1996).  Because Deas filed his notice of appeal on April 23, 1996, three days before the President signed the PLRA, we decide Deas's fee status under the prior version of § 1915 and, therefore, need not decide whether the filing fee provisions of the PLRA apply to habeas corpus petitions.  *White v. Gregory*, 87 F.3d 429, 430 (10th Cir. 1996) ("Our review of the [PLRA] leads us to conclude [that it does] not apply when . . . the prisoner/appellant filed his notice of appeal before April 26, 1996, the date President Clinton signed the [PLRA] into law.").