**UNITED STATES COURT OF APPEALS**
**Filed 12/19/96**
**TENTH CIRCUIT**

PHILLIP RAY MOORE,

      Petitioner-Appellant,

v.

WALLIS PARMENTER, Warden, San
Carlos Correctional Facility, Pueblo,
Colorado; and ATTORNEY
GENERAL OF COLORADO,

      Respondents-Appellees.

No. 96-1170
(D.C. No. 95-B-3228)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

      Phillip Ray Moore was convicted by a Jefferson County, Colorado jury of

eight felony counts stemming from a violent sexual assault against his wife and

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

daughter. He was sentenced to 72 years.[1] After his conviction and sentence were affirmed by the Colorado Supreme Court, Moore filed a petition for a federal writ of habeas corpus pursuant to 28 U.S.C. §§ 2241(a), 2254 (1994) (amended April 24, 1996). The district court denied his petition, but granted Moore a certificate of probable cause ("CPC") to appeal the denial. Moore appealed. We affirm the district court's denial of Moore's petition.

Jurisdiction

On December 27, 1995, the district court granted Moore leave to proceed *in forma pauperis* under the former 28 U.S.C. § 1915(a) (1994) (amended April 26, 1996). Moore's notice of appeal was filed April 22, 1996, four days before the enactment of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, Title VIII, 110 Stat. 1321, 1321-66 to 1321-77 (1996). We have not yet decided whether the filing fee provisions of PLRA § 804 apply to habeas corpus actions. See Deas v. Wyoming Dep't of Corrections, 99 F.3d 1149, 1996 WL 606369, at *2 n.1 (10th Cir. Oct. 23, 1996) (table, text in WESTLAW). However, we have held that the amendments to 28 U.S.C. § 1915 contained in PLRA § 804

---

[1] The Colorado Court of Appeals reversed six of the counts, People v. Moore, 860 P.2d 549, 550 (Colo. Ct. App. 1993), rev'd, 877 P.2d 840 (Colo. 1994), but the Colorado Supreme Court reinstated all eight convictions and the entire 72 year sentence. People v. Moore, 877 P.2d 840, 841 (Colo. 1994) (en banc).

do not apply to *any* case in which the prisoner-appellant filed his notice of appeal before April 26, 1996. White v. Gregory, 87 F.3d 429, 430 (10th Cir.), cert. denied, 65 U.S.L.W. 3399 (U.S. 1996). Thus, we allow Moore to proceed without complying with PLRA's amendments to 28 U.S.C. § 1915.

On April 24, 1996, the district court entered a certificate of probable cause ("CPC") dated April 23, 1996, allowing Moore to appeal the denial of his habeas petition. On the same day, Congress enacted the Habeas Corpus Reform provisions of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, Title I, 110 Stat. 1214, 1217-26 (1996).

Under AEDPA § 102, 28 U.S.C.A. § 2253(c) (as amended April 24, 1996), a certificate of appealability ("COA") must be issued by a circuit judge in order for a prisoner to appeal the denial of a habeas petition.[2] We have held, however, that a CPC issued by the district court is equivalent to a COA. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996). We thus convert the district court's CPC to a COA.

By virtue of his present incarceration, Moore meets the jurisdictional requirement of 28 U.S.C. § 2241(c)(3) (1994). Thus, we exercise jurisdiction.

---

[2] AEDPA § 103, however, amends Fed. R. App. P. 22(b) to allow the appeal to proceed if a COA is issued by a district *or* circuit judge.

## Standard of Review

We will reverse the denial of a habeas petition brought under 28 U.S.C. § 2254 only where the petitioner makes "a substantial showing of the denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (punctuation marks omitted). As in all appeals, we review questions of law *de novo*. However, we presume findings of fact made by the state courts to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (as amended April 24, 1996).

## Pending Motions

After filing and briefing the present appeal, Moore filed a motion for leave to proceed in state court, or, in the alternative, to dismiss the appeal without prejudice. Moore brought these motions after realizing that he had not exhausted --or even alleged--his ineffective assistance of appellate counsel claim in state court. Parmenter opposed Moore's motion, arguing that it would facilitate an abuse of process. Alternatively, should we grant Moore's motion to dismiss the present appeal, Parmenter asks that we dismiss it with prejudice.

A federal district court has "substantial discretion" in deciding whether or not to grant a motion for leave to proceed in state court. SEC v. Wencke, 622 F.2d 1363, 1374 (9th Cir. 1980). We think that our discretion to grant or deny

such a motion filed before us is equally substantial.  Exercising this discretion, we deny Moore's motion for leave to proceed in state court.

Technically, Moore does not need any such leave.  He is free to bring any post-conviction proceedings authorized by Colorado law in state court.  We note, however, that, should Moore subsequently attempt to relitigate his claim of ineffective assistance of appellate counsel in *federal* court, he will need to meet the "cause and prejudice" requirements associated with subsequent or abusive habeas petitions.  See generally McCleskey v. Zant, 499 U.S. 467 (1991).  In the meantime, we choose not to stay or delay the present proceeding.

Moore alternatively moved to dismiss the present appeal without prejudice.  A prisoner's motion to dismiss his habeas petition without prejudice should be granted if denying it would abridge "the petitioner's ability to present claims of constitutional violations . . . merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law."  Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993).  Here, *granting* Moore's motion would pose such a trap.  Were we to dismiss the present appeal, the district court's order denying Moore's petition and holding that Moore's constitutional claims are now procedurally barred would become final.  Any future federal habeas petition would then be considered subsequent or abusive.  Zant, 499 U.S.

at 489.  In essence, such a dismissal would be "with prejudice," because the district court ruling would become final.

Such a result could not possibly benefit Moore.  Not only would any subsequent effort to litigate his ineffective assistance of appellate counsel claim in the federal courts face the hurdle of being an abuse of the writ, Moore would also lose the benefit of appellate review of the many underlying substantive claims which he brought in district court and which were all denied.  We do not believe that Moore intended this result.  We thus deny Moore's motion to dismiss this appeal.

<u>Moore's Constitutional Claims</u>

Moore alleges that the Colorado state court proceedings violated his Fourteenth Amendment right to Due Process of Law, both generally and also as that Amendment "incorporates" the Sixth Amendment's guarantees of an impartial jury, the (effective) Assistance of (appellate) Counsel, and Confrontation of (adverse) Witnesses, the Fifth Amendment's bar against Double Jeopardy, and the Eighth Amendment's bar against Cruel and Unusual Punishment.  Although several of these claims were stated only in terms of state

law before the Colorado courts, all but the ineffective assistance of appellate counsel claim were raised there substantively.[3]

Moore's general Due Process claim and his Sixth Amendment jury claim both derive from jury instructions which he characterizes as erroneous. The Colorado Supreme Court held that the legal theory of complicity articulated in the jury instructions was proper. See Moore, 877 P.2d at 846-47. We find no constitutional error in this ruling.

Moore's Sixth Amendment Confrontation Clause claim arises from the admission of videotaped depositions recorded by his minor children shortly after the sexual assault. The Colorado Court of Appeals found no error, under the circumstances of the case, in the admission of these materials. Moore, 860 P.2d

---

[3] The district court adopted the magistrate judge's finding that Moore failed to exhaust *any* of these claims because "a federal constitutional claim will not be deemed exhausted unless it has first been postured as a constitutional claim in a state's highest court" and that Moore's claims are procedurally barred under the "anticipatory denial rule." (Magistrate's Recommendation at 4) (citing Qureshi v. Diesslin, 654 F. Supp. 555, 557 (D. Colo. 1987)). We do not agree that Moore did not posture any of his claims as federal claims. See e.g. Moore, 877 P.2d at 843-44 (referring to Moore's double jeopardy claim in federal terms). However, we need not delve into which of Moore's federal claims were exhausted. Under AEDPA § 104(1), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (as amended April 24, 1996).

at 555.[4]   Under <u>Maryland v. Craig</u>, 497 U.S. 836, 852-53 (1990), this result is clearly sound under federal law.

Moore's Double Jeopardy claim stems from the overlapping elements of some of the counts under which he was charged and convicted.  The Colorado Supreme Court correctly analyzed this claim under the "same elements" test of <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932).  <u>See</u> <u>Moore</u>, 877 P.2d at 843-44.

Under both the former and current (post-AEDPA) versions of 28 U.S.C. § 2254(b), the federal court may not grant habeas relief pursuant to any claim not exhausted in state court. <u>Clark v. Tansy</u>, 13 F.3d 1407, 1409 (10th Cir. 1993).  Moore's Eighth Amendment claim appears not to have been advanced in state court, nor does Moore pursue it in this appeal.  Thus, it is forfeited.  In addition, we decline to consider Moore's ineffective assistance of appellate counsel claim, which was never raised before the present appeal and thus has not been exhausted.

---

[4] The Colorado Supreme Court denied Moore's petition for writ of certiorari on this issue.  (See Magistrate's Recommendation at 2).

**CONCLUSION**

Moore's motion for leave to proceed in state court is denied. His motion to withdraw this appeal without prejudice is also denied. We affirm the district court's denial of his petition for writ of habeas corpus.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge