**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**George DELCI, Defendant–Appellant.**

**No. 02CA0515.**

Colorado Court of Appeals, Div. I.

Nov. 18, 2004.

Certiorari Denied April 11, 2005.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2004.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Jud Lohnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

MARQUEZ, J.

Defendant, George Delci, appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree burglary and second degree assault. We affirm in part, vacate in part, and remand with instructions.

Evidence was presented that defendant moved out of the hotel room that was registered to his girlfriend and where the two of them had been living. According to the girlfriend, defendant entered the same room the next day through a locked door without her permission and assaulted her ex-boyfriend. Hotel security caught and detained defendant until he was arrested by police.

Following trial, defendant was sentenced to the Department of Corrections for a term of ten years plus five years mandatory parole for first degree burglary and twelve years plus three years mandatory parole for second degree assault, to be served concurrently.

### I.

■ Defendant contends that his conviction for second degree assault must be vacated because it is a lesser included offense of first degree burglary and that the assault conviction should have merged into his conviction for burglary. We agree that merger is required, but conclude, as discussed in Part II, that the first degree burglary conviction must be vacated.

■ A court is prohibited from imposing multiple punishments for a greater and lesser included offense by the Double Jeopardy Clauses of the federal and state constitutions, by statute, and by the judicially-created rule of merger. *People v. Martinez*, 32 P.3d 520 (Colo.App.2001); *see People v. Leske*, 957 P.2d 1030 (Colo.1998); *People v. Ramirez*, 18 P.3d 822, 830 (Colo.App.2000).

■ The rule of merger precludes conviction for a crime that is a lesser included offense of another crime for which the defendant has also been convicted in the same prosecution. *People v. Fisher*, 904 P.2d 1326 (Colo.App.1994).

■ To determine whether one offense is a lesser included offense of another, appellate courts apply the strict elements test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This requires comparison of the statutory elements of each offense, not of the evidence presented on those elements. *Meads v. People*, 78 P.3d 290 (Colo.2003); *People v. Rodriguez*, 914 P.2d 230 (Colo.1996).

■ Under § 18–1–408(5)(a), C.R.S.2004, a lesser included offense is one that is established by proof of the same or less than all the facts required to establish the commission of the offense charged. *See Meads v. People, supra* (if proof of facts establishing the statutory elements of the greater offense necessarily establishes all the elements of the lesser offense, the lesser offense is included for purposes of § 18–1–408(5)(a)); *People v. Moore*, 877 P.2d 840 (Colo.1994).

First degree burglary occurs when a person "knowingly enters unlawfully, or remains unlawfully after a lawful or unlawful entry, in a building or occupied structure with intent to commit therein a crime ... [and] the person ... assaults or menaces any person, or ... is armed with explosives or a deadly weapon." Section 18–4–202(1), C.R.S.2004.

Here, the jury was instructed that the elements of first degree burglary included that defendant:

(3) knowingly,

(4) entered and remained unlawfully in a building or occupied structure,

(5) with intent to commit therein the crime of Assault against [the ex-boyfriend], as defined in instruction number 14 or 15, and

(6) while in effecting entry into or in or while in the building or occupied structure, or in the immediate flight from the building or occupied structure,

(7) the defendant assaulted [the ex-boyfriend], as defined in instruction number 14 or 15.

Instruction number 14 on assault in the second degree provided that the elements of that crime included that:

(3) with intent to cause bodily injury to [the ex-boyfriend]

(4) he caused serious bodily injury to [the ex-boyfriend].

Instruction number 15 on assault in the third degree provided that the elements included that defendant:

(3) Knowingly or recklessly,

(4) Caused bodily injury to another person.

Under § 18–4–202(1), assault is one of the predicate offenses for first degree burglary. Because the predicate offense charged here was assault, proof of the elements of burglary requires proof of the elements of assault. Thus, assault is a lesser included offense of first degree burglary, and the two counts merge. *See People v. Ramirez, supra* (predicate offense for first degree burglary conviction appears to fit definition of lesser included offense; elements of assault or menacing must be proved to sustain a conviction for first degree burglary and doctrine of merger applies); *see also Litwinsky v. Zavaras*, 132 F.Supp.2d 1316 (D.Colo.2001)(when assault is the predicate offense, the elements of first degree burglary include all the elements of assault, assault is a lesser included offense of first degree burglary, and merger applies); *Astrop v. State*, 682 So.2d 1153, 1156 (Fla. Dist.Ct.App.1996)(to satisfy first degree burglary, "the State must prove each and every element of the offense of assault and the factfinder must determine ... an assault was committed during the burglary" and if so, the same assault cannot constitute a separate offense); *cf. People v. Bielecki*, 964 P.2d 598 (Colo.App.1998)(defendant argued and People conceded that second degree burglary and third degree assault are lesser included offenses of first degree burglary).

The People concede that defendant was charged with first degree burglary based on assault, with second degree assault serving as the predicate offense, and that there is nothing in § 18–4–202 that expressly authorizes separate punishments for burglary and its predicate. However, the People argue that the burglary and assault, as charged, are sufficiently distinct to permit multiple punishments. Specifically, the People contend that the victim named in the assault count was not the victim named in the burglary count. They reason that the strict elements test is inapplicable and merger does not occur. We disagree.

Under the *Blockburger* test, we are to consider only the elements of the offenses involved and not the proof, pleadings, or indictment; thus, determination of the elements is the only consideration for merger. *People v. Garcia*, 940 P.2d 357, 360 (Colo. 1997).

The People rely on *People v. Moore, supra*, in which the court held that under the former § 18–3–202(1)(d), when there are separate victims for each crime, an underlying conviction of sexual assault on a child does not merge into a conviction of first degree assault while committing a crime. In *Moore*, the victim of the first degree assault was the defendant's wife, while the victim of the sexual assault was the daughter. Here, the People point out that the victim in the charge for burglary was defendant's girlfriend and the victim in the charge for second degree assault was the girlfriend's ex-boyfriend.

However, in *Moore* the charges were assault and sexual assault on a child rather than burglary, and the analysis in *Moore* focused specifically on the former § 18–3–202(1)(d), Colo. Sess. Laws 1986, ch. 136 at 770, which has since been repealed. Colo.

Sess. Laws 1995, ch. 240 at 1250. The statute provided in pertinent part as follows:

> A person commits the crime of assault in the first degree if ... Acting either alone or with one or more persons, he commits or attempts to commit murder, ... sexual assault in the first or second degree, or class 3 felony sexual assault on a child and in the course of or in furtherance of the crime that he is committing ... the serious bodily injury of a person, other than a participant in the commission or attempted commission of the crime, is caused by anyone.

Section 18–3–202(1)(d) was drafted for use where the victims were individually affected by two criminal acts. In *Moore*, the statutory section applied when assault was committed upon a person who was not a victim of the underlying felony. The court determined that the felonies enumerated in § 18–3–202(1)(d) did not merge into the first degree assault where there were separate victims because the statute "requires separate punishment for first-degree assault and for the underlying felony with which a defendant is charged." Thus, the court in *Moore* stated that "[i]t would be illogical to charge a defendant with assault under section 18–3–202(1)(d) when there is only one victim." *People v. Moore, supra,* 877 P.2d at 845.

Here, because first degree burglary requires the predicate offense of assault and the elements of first degree burglary include all the elements of assault, we conclude the burglary and assault must merge.

## II.

The People argue that if we find that second degree assault is a lesser included offense of first degree burglary, we should vacate the burglary conviction and retain the assault conviction in order to maximize the jury's verdict. We agree.

The People rely on *People v. Glover,* 893 P.2d 1311, 1314 (Colo.1995), in which the supreme court held that when multiple convictions are given and one must be vacated, the trial court should select as many convictions and impose the longest sentences that are legally possible fully to effectuate the jury's verdict. In *Glover,* the court held that a court cannot enter judgments of conviction for felony murder and murder after deliberation for the murder of a single victim.

In *People v. Cole,* 926 P.2d 164, 168 (Colo. App.1996), a division of this court recognized the policy statement in *Glover* regarding the "maximum effectuation of jury verdicts" and also noted that the merger statutes do not preclude this result. *People v. Cole, supra,* 926 P.2d at 169. The division concluded the trial court was correct in merging the defendant's conviction for first degree assault into one of his convictions for first degree sexual assault.

Here, defendant was sentenced to ten years plus five years mandatory parole for first degree burglary, a class three felony, and twelve years plus three years mandatory parole for the second degree assault, a class four felony. To maximize the jury verdicts, we should vacate the first degree burglary conviction, even though it is the greater of the two offenses. *See People v. Ramirez, supra* (vacating conviction to produce the longest sentence); *People v. Fisher, supra* (vacating first degree assault conviction and allowing defendant to be sentenced under aggravated robbery conviction because it provided a more severe penalty and more accurately effectuated the jury's verdict).

The judgment of conviction for second degree assault is affirmed. The judgment of conviction for first degree burglary is vacated. The case is remanded for correction of the mittimus.

Judge CASEBOLT and Judge ROY concur.