The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

John RAGLAND, Defendant-Appellant.

No. 85CA0485.

Colorado Court of Appeals, Div. II.

May 14, 1987.

Rehearing Denied June 25, 1987.

Certiorari Denied Dec. 7, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, John Ragland, appeals the judgments of conviction entered on jury verdicts finding him guilty of one count of first degree felony murder, one count of first degree murder after deliberation, and one count of second degree burglary. He further appeals the sentences imposed by the trial court. We affirm in part and reverse in part.

### I.

Defendant first argues on appeal that he was denied his constitutional rights to a trial by jury and due process of law because, during the deliberations, the trial court gave the jurors a supplemental instruction in the form of *COLJI–Crim.* No. 38:14 (1983), without first determining that they were hopelessly deadlocked. We disagree.

The case was submitted to the jury at approximately 4:00 p.m. on a Wednesday following a trial that had lasted five days. The jury deliberated one hour on Wednesday, all day Thursday, and began deliberations again at 8:30 a.m. Friday. Forty minutes later, without first inquiring of the jury whether it was, in fact, deadlocked, the court gave the following instruction, *sua sponte,* and over defendant's objection:

"Since it appears to the Court that your deliberations have been somewhat lengthy without a verdict being reached, the Court wishes to suggest a few thoughts which you should consider in your deliberations, along with the evidence in the case and all of the instructions previously given.

"It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching a verdict, if you can do so without violence to individual judg-

ment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

"You are not partisans. You are judges —judges of the facts. Your sole purpose is to ascertain the truth from the evidence in the case."

At 11:09 a.m., the jury returned with findings of guilt on the counts of second degree burglary, first degree felony murder, and first degree murder after deliberation.

■ The decision to give a supplemental instruction when jurors fail to agree is within the discretion of the trial court. However, such instruction should be given only in narrowly prescribed circumstances. One of the prerequisites to the giving of this instruction is that the trial court first determine that there is little likelihood of progress towards a unanimous verdict upon further deliberation. *People v. Schwartz,* 678 P.2d 1000 (Colo.1984); *People v. Lewis,* 676 P.2d 682 (Colo.1984). These cases suggest that express inquiry should be made of the jury concerning the likelihood of a verdict before the instruction is given. Hence, insofar as the court here failed to make such an inquiry, it erred.

■ However, the rationale for this requirement is that any judicial effort to avert a deadlocked jury must carefully avoid any constraint on the free and untrammeled deliberative process that expresses the conscientious conviction of each individual juror. Whenever a jury is deadlocked or involved in long and unproductive deliberations, there is a compelling concern that it not be coerced into rendering a verdict which may represent something

less than free exercise of the judgment of each of the jurors. *People v. Schwartz, supra; People v. Lewis, supra.*

■ Here, while it was error for the trial court to give the above instruction without first questioning the jurors concerning the unlikelihood of progress towards a unanimous verdict upon further deliberations, we conclude that the stock instruction as given had little if any coercive effect. Its effect was rather to remind the jury of the method of arriving at a deliberative verdict. The instruction, in fact, was adopted based upon 3 ABA, *Standards for Criminal Justice,* Standard 15–4.4 (1986), which is suggested for use *before* the jury retires for deliberation. It does nothing more than instruct jurors as to the nature of their duties and does not impliedly or expressly authorize them to render a compromise verdict. Further, there was nothing about the manner in which it was given or any comments made by the trial judge which could have had a coercive effect on the jury.

For these reasons, we hold that the trial court's procedural error here had no prejudicial effect and was, therefore, harmless. *See* Crim.P. 52.

## II.

Defendant next contends that the trial court erred in entering separate judgments of conviction on each of the jury's verdicts of first degree murder. The People admit that this was error, and we agree.

■ Dual convictions for felony murder and murder after deliberation are precluded when the convictions are based on the killing of a single victim. *People v. Lowe,* 660 P.2d 1261 (Colo.1983). Since sufficient evidence was presented regarding defendant's conduct to sustain a conviction for first degree murder after deliberation, we affirm that conviction. *Cf. People v. Bartowsheski,* 661 P.2d 235 (Colo.1983).

## III.

The People also point out that the mittimus incorrectly shows a conviction for theft instead of second degree burglary. This, it would appear, is a clerical error.

Thus, on remand, the trial court should amend the mittimus to reflect properly the jury's verdict of guilty of second degree burglary.

Defendant's remaining contentions, including those directed toward the sentences imposed, are without merit.

The judgment of conviction for first degree murder after deliberation is affirmed, the judgment of conviction for first degree felony murder is vacated, and the cause is remanded to the trial court with directions to issue an amended mittimus showing convictions for first degree murder after deliberation and second degree burglary. The sentences imposed for murder after deliberation and burglary are also affirmed.

STERNBERG and CRISWELL, JJ., concur.