The PEOPLE of the State of
Colorado, Petitioner,

v.

Stephen GLOVER, Respondent.

No. 94SC299.

Supreme Court of Colorado,
En Banc.

April 24, 1995.
Rehearing Denied May 15, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Criminal Enforcement Section, Denver, for petitioner.

Barbara S. Blackman, Cherner and Blackman, Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

We granted the prosecution's petition for certiorari to review *People v. Glover*, No. 92CA0762 (Colo.App. Mar. 24, 1994) (not selected for official publication).[1] We affirm. The respondent, Stephen Glover (defendant), was charged with first-degree murder after deliberation,[2] first-degree felony murder,[3] robbery of the elderly,[4] conspiracy to commit robbery of the elderly,[5] and conspiracy to commit first-degree murder,[6] for the murder

---

1. The following issues are before us for review on certiorari:
   1. Whether the court of appeals erred in concluding, contrary to uncontroverted evidence, that there had been no clerical error in the original amendment to the defendant's mittimus, thereby invalidating the trial court's second amendment of the mittimus.
   2. Whether *People v. Bartowsheski*, 661 P.2d 235 (Colo.1983), requires selection of one theory of murder over the other, or whether judgment can be entered for one conviction, supported by two different theories, in addition to a conviction for the felony which underlies the felony murder theory.

2. § 18–3–102(1)(a), 8 C.R.S. (1978).

3. § 18–3–102(1)(b), 8 C.R.S. (1978).

4. § 18–4–304, 8 C.R.S. (1982 Supp.).

5. § 18–2–201, 8 C.R.S. (1978).

6. § 18–2–201, 8 C.R.S. (1978).

and robbery of a single victim. The defendant was convicted by the jury on all charges.

The jury was given a special verdict form on the two counts of first-degree murder and returned a verdict of guilty on both counts. The trial court merged the two first-degree murder counts for sentencing purposes and imposed a life sentence. The defendant also was sentenced to a term of eight years for robbery of the elderly, twelve years for conspiracy to commit murder, and four years for conspiracy to commit robbery. The sentences were all to run concurrently with the life sentence.

On appeal, the court of appeals properly determined that the defendant could not be convicted of first-degree murder, under two separate theories, for the homicide of a single victim, and that there was no clerical error in the original amendment to the defendant's mittimus. Accordingly, we affirm and remand with directions.

I

In August, 1982, Charlie Peters hired Elizabeth Mayberry as a live in housekeeper. The defendant, whom Mayberry represented to be her husband, moved into Peters' home with Mayberry.

On August 24, 1982, the defendant left Peters' home at approximately 2:00 p.m. and went to the Sip N Eat bar, where he met Jerry Comacho. Comacho testified that over the next three and one-half hours, the defendant drank six glasses of beer. According to Comacho, the two men went to Gala Gardens for dinner, and the defendant drank one whiskey during dinner and three after dinner.

The defendant returned to Peters' home between 12:30 and 1:00 a.m. and woke Mayberry. Mayberry testified that the defendant asked her to enter Peters' bedroom and suffocate him with a pillow. When Mayberry refused, the defendant hit her, and they entered Peters' bedroom. Mayberry testified that she held Peters' feet while the defendant attempted to suffocate him. Peters rolled off of the bed, and the defendant choked him until he lost consciousness.

The defendant took Peters' wallet, silverware, television set, power tools, and other items. After cutting the telephone lines in Peters' home, Mayberry and the defendant fled in Peters' car.

Peters' left arm and jaw were fractured in the assault. In the hospital he developed pneumonia, suffered cardiac arrest, went into a coma on September 26, 1982, and died on October 11, 1982.

During the trial the prosecution examined Mayberry, Comacho, and a waitress regarding the defendant's state of intoxication. The defense did not request or tender jury instructions on the affirmative defense of intoxication or the lesser offense of second-degree murder, but argued that Peters died of causes unrelated to the assault.

Because the original mittimus reflected convictions for murder after deliberation under section 18–3–102(1)(a) and felony murder under section 18–3–102(1)(b), the defendant appealed. Relying on *People v. Lowe*, 660 P.2d 1261 (Colo.1983), the court of appeals vacated the first-degree murder convictions and remanded to the trial court with directions to prepare an amended judgment of conviction, sentence, and mittimus to reflect that the defendant had been convicted of one count of first-degree murder. *People v. Glover*, No. 83CA0976 (Colo.App. Apr. 25, 1985) (not selected for official publication) (*Glover* I).

On January 6, 1986, the trial court amended the mittimus to reflect a conviction for one count of murder after deliberation under section 18–3–102(1)(a). The amended mittimus included the robbery conviction and the two conspiracy convictions, but not the felony murder conviction.

In 1990, the defendant filed a *pro se* Crim.P. 35(c) motion for postconviction relief, contending that the trial court had failed to instruct the jury *sua sponte* that intoxication affected his ability to form the intent to commit murder after deliberation. The trial court denied the motion without a hearing, and the defendant appealed. The court of appeals reversed the order of dismissal and remanded to the trial court for an evidentiary hearing to determine the merits of the

defendant's Crim.P. 35(c) motion. *People v. Glover*, No. 90CA1845 (Colo.App. Sept. 5, 1991) (not selected for official publication) (*Glover* II).

At the evidentiary hearing on April 8, 1992, the trial court amended the mittimus to reflect a generic first-degree murder conviction under section 18–3–102 and concluded that the 1986 amendment was a clerical error. Because the instructional errors asserted by the defendant in his Crim.P. 35(c) motion applied only to the conviction for murder after deliberation and not his conviction for felony murder, the trial court did not reach the merits of the motion. The defendant appealed, and the court of appeals remanded to the trial court to determine whether the error in the 1986 amended mittimus was clerical or judicial. *People v. Glover*, No. 92CA0762 (Colo.App. Apr. 15, 1993) (not selected for official publication) (*Glover* III).

Based upon an affidavit by the judge who issued the first amended mittimus, the trial court determined that the 1986 amended mittimus contained a clerical error and the mittimus was properly amended in 1992. The trial court declined to address the merits of the defendant's Crim.P. 35(c) motion.

The defendant appealed, and the court of appeals held that there was no clerical error in the 1986 amendment because the trial court could not have intended that the defendant be convicted of felony murder and robbery in contravention of *People v. Bartowsheski*, 661 P.2d 235 (Colo.1983). *People v. Glover*, No. 92CA0762 (Colo.App. Mar. 24, 1994) (not selected for official publication) (*Glover* IV). The court of appeals reversed the trial court's April 8, 1992, judgment and remanded with directions to address the merits of the defendant's Crim.P. 35(c) motion. We agree with the court of appeals.

## II

■ The prosecution contends that case law permits the entry of judgment for a single conviction of first-degree murder, supported by two different theories, in addition to a conviction for the felony that underlies the felony murder charge. We disagree.

■ A court may not enter judgments of conviction for felony murder and murder after deliberation for the murder of a single victim. *See, e.g., People v. O'Neill*, 803 P.2d 164, 173 (Colo.1990); *People v. Saathoff*, 790 P.2d 804, 807 (Colo.1990); *People v. Bartowsheski*, 661 P.2d 235, 246 (Colo.1983); *People v. Lowe*, 660 P.2d 1261, 1269 (Colo. 1983). In *Lowe*, the defendant was convicted of felony murder and murder after deliberation for the murder of a single victim. The rule of lenity permits a conviction for only one first-degree murder when there is a single victim. *Lowe*, 660 P.2d at 1269. We stated:

> The legislature has not manifested any clear intent that a defendant could be convicted of more than one kind of first-degree murder where there is but one victim. The rule of lenity requires that the first-degree murder statute be construed to favor the defendant. That construction is that a defendant can be convicted only of one first-degree murder for one killing.

*Id.* In vacating the defendant's convictions on two counts of first-degree murder we concluded:

> The defendant's convictions for two counts of first-degree murder are vacated. This case is remanded to the district court with directions to prepare an amended judgment of conviction, sentence, and mittimus to reflect that the defendant has been convicted of murder in the first-degree in violation of section 18–3–102, C.R.S.1973 (1978 Repl.Vol. 8), and is sentenced to life imprisonment.

*Id.* at 1271–72.

■ In *Bartowsheski*, we concluded that a conviction of a greater offense precludes conviction of a lesser-included offense. *Bartowsheski*, 661 P.2d at 245. We stated: "Under these circumstances the defendant's conviction of the greater offense of felony murder, predicated as it is upon his killing of the robbery victim, precludes his simultaneous conviction of the lesser included offense of robbery." *Id.* at 246. Because the effect of jury verdicts should be maximized, we directed the trial court to enter judgments of

conviction for murder after deliberation and robbery. *Id.* at 247.

█ Under *Lowe* and *Bartowsheski,* when a defendant has been convicted on two different counts of first-degree murder for a single homicide, the convictions should be vacated, and the trial court should be directed to enter as many convictions and impose as many sentences as are legally possible to fully effectuate the jury's verdict. *See, e.g., O'Neill,* 803 P.2d at 179 (vacating felony murder conviction and affirming convictions for murder after deliberation and kidnapping); *Saathoff,* 790 P.2d at 807 (vacating felony murder conviction and affirming convictions for murder after deliberation and sexual assault); *People v. Fincham,* 799 P.2d 419, 425 (Colo.App.1990) (same); *People v. Ragland,* 747 P.2d 4, 6 (Colo.App.1987) (vacating felony murder conviction and affirming convictions for murder after deliberation and burglary). In each of the preceding cases the trial court selected the combination of offenses that produced the most convictions and the longest sentences in order to maximize the effect of the juries' verdicts.

In *Glover* I, the court of appeals reviewed the defendant's convictions for first-degree murder and murder after deliberation and stated:

> Accordingly, defendant's convictions of two counts of first degree murder are vacated. The cause is remanded with directions to prepare an amended judgment of conviction, sentence, and mittimus to reflect that defendant has been convicted of one count of murder in the first degree in violation of § 18–3–102,* C.R.S. (1978 Repl.Vol. 8), and is sentenced to life imprisonment. The judgment of conviction of the other offenses is affirmed.

By remanding to amend the judgment of conviction and mittimus to reflect that the defendant had been convicted of one count of first-degree murder, the court of appeals properly followed the *Lowe–Bartowsheski* line of cases.

### III

█ The prosecution argues that the court of appeals erred in *Glover* IV because it relied on an erroneous interpretation of the law in rejecting the trial court's findings of fact and concluding that there was no clerical error in the 1986 amendment to the mittimus. We disagree.

On remand after *Glover* I, the trial court imposed a conviction and sentence for murder after deliberation in a January 6, 1986, minute order and stated:

> Pursuant to the mandate from the court of appeals an amended judgment of conviction, sentence and mittimus is ordered to reflect that the defendant has been convicted of one count of murder in the first degree (C.R.S.1973, 18–3–102(1)(a), as amended) ... and sentenced to life imprisonment. The judgment of conviction of the other offenses is affirmed. Amended mittimus to issue.

An amended mittimus, stating that the defendant had been convicted of first-degree murder in violation of section 18–3–102(1)(a), was issued pursuant to the minute order.

After the defendant filed a Crim.P. 35(c) motion for postconviction relief that was denied by the trial court, the defendant appealed. In *Glover* II, the court of appeals reversed and remanded to the trial court for an evidentiary hearing. At the evidentiary hearing on April 8, 1992, the trial court amended the mittimus by deleting the reference to the specific subsection for murder after deliberation because reference to the subsection was a clerical error. The defendant appealed, and in *Glover* III the court of appeals reversed and remanded to the trial court to determine whether the error in the 1986 mittimus was clerical or judicial. On remand, the prosecution offered an affidavit from the original sentencing judge to establish that the designation of section 18–3–102(1)(a) constituted clerical error:

> Although it was this court's intention to reflect a single conviction of first degree murder, this court did not intend to dismiss the felony murder count. Rather this court intended to give full effect to the jury's finding that the evidence supported a conviction of first degree murder under both theories, felony murder and deliberate murder, and that those findings be merged into a single conviction of first

degree murder under C.R.S. 18–3–102. The addition of "(1)(a)" after C.R.S. 18–3–102 on the mittimus, therefore, was a clerical error and does not reflect the court's intent or a judicial determination to dismiss the felony murder finding.

In *Glover* IV, the court of appeals reversed because the defendant could not be convicted of felony murder and robbery under *People v. Bartowsheski*, 661 P.2d 235 (Colo.1983).

█ The Colorado Rules of Criminal Procedure provide for the correction of "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Crim.P. 36. Accordingly, a court may correct clerical errors in a judgment of conviction, sentence, and mittimus. *People v. Turner*, 730 P.2d 333, 337 (Colo.App.1986). Clerical errors in trial court findings and judgments include:

> not only errors made by the clerk in entering the judgment, but also those mistakes apparent on the face of the record, whether made by the court or counsel during the progress of the case, which cannot reasonably be attributed to the exercise of judicial consideration or discretion.

*Town of De Beque v. Enewold*, 199 Colo. 110, 119, 606 P.2d 48, 54 (1980) (quoting *Bessemer Irrigating Ditch Co. v. West Pueblo Ditch and Reservoir Co.*, 65 Colo. 258, 259, 176 P. 302, 303 (1918)). An error is clerical and may be corrected in order to show the judgment that was actually pronounced. *Enewold*, 199 Colo. at 119, 606 P.2d at 54.

In amending the defendant's mittimus in 1986 to reflect a conviction for murder after deliberation, the trial court followed the mandate of *Glover* I. The trial judge's affidavit did not provide support for the conclusion that the 1986 amendment of the mittimus was a clerical error. The *Lowe–Bartowsheski* line of cases does not permit the entry of two first-degree murder convictions for the murder of a single victim. The trial court was required to vacate the felony murder conviction and maximize the defendant's sentence by retaining the conviction for murder after deliberation and the other convictions.

The trial court's 1992 amendment of the mittimus to reflect a conviction for first-degree murder under section 18–3–102, supported by two different theories, is not permitted under the *Lowe–Bartowsheski* line of cases. In *Glover* IV, the court of appeals properly determined that there was no clerical error in the 1986 amendment to the defendant's mittimus and remanded to the trial court to address the merits of the defendant's Crim.P. 35(c) motion.

Accordingly, we affirm the court of appeals and the remand to the trial court for a hearing on the defendant's Crim.P. 35(c) motion.