The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kenneth Coquette FISHER, Defendant–Appellant.

No. 93CA0894.

Colorado Court of Appeals, Div. IV.

April 18, 1996.

Rehearing Denied May 23, 1996.

Certiorari Denied Nov. 12, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Kenneth Coquette Fisher, appeals the judgment of conviction entered on

jury verdicts finding him guilty of two counts of first degree assault, one count of aggravated robbery, and two counts of crime of violence. In an earlier decision, we vacated the aggravated robbery conviction and its accompanying count of violent crime, affirmed the remaining convictions, and remanded for resentencing. *People v. Fisher*, 904 P.2d 1326 (Colo.App.1994). However, on certiorari review, the supreme court vacated that judgment and has remanded the case to this court for reconsideration in light of *People v. Glover*, 893 P.2d 1311 (Colo.1995). Upon that reconsideration, we vacate defendant's conviction for first degree assault under § 18–3–202(1)(d), C.R.S. (1986 Repl.Vol. 8B), affirm the remaining convictions, and remand for correction of the mittimus.

I.

Defendant contends that his conviction for aggravated robbery must merge into one of his convictions for first degree assault because the assaults were committed during the course of the robbery. The People concede that defendant cannot be convicted of both felony assault under § 18–3–202(1)(d), C.R.S. (1986 Repl.Vol. 8B) and aggravated robbery and therefore agree that we must vacate either that assault conviction or the aggravated robbery conviction. However, the People contend that, under *People v. Glover, supra,* we should vacate the assault conviction. We agree.

In *Glover*, the supreme court reaffirmed the principle that a conviction of a greater offense precludes conviction of a lesser offense and that a defendant can be convicted only on one count of first degree murder for the death of a single victim, even when the jury actually convicts under more than one theory or more than one section of the first degree murder statute. However, the court then held that, even though one of such convictions must be vacated, the trial court should enter as many convictions and impose as many sentences as are legally possible in order to effectuate the jury's verdict.

The defendant in *Glover* had been convicted of aggravated robbery, felony murder in furtherance of the robbery, and first degree murder after deliberation. Under the rule of lenity, the defendant could only be convicted of one count of first degree murder, and therefore, the trial court should have vacated one of the murder convictions.

Analyzing the effect of vacating one of the convictions, the supreme court concluded that the conviction for felony murder should be vacated. The court chose that result because, if the conviction for murder after deliberation were vacated, then the convictions for felony murder and robbery would remain; but, under the doctrine of merger, one of those two remaining convictions would also have to be vacated. The end result would be that the defendant would only have a single felony murder conviction and sentence.

However, if the defendant's felony murder conviction were vacated, then the robbery conviction could stand along with the conviction for murder after deliberation and the separate sentences for those crimes would remain intact.

Here, defendant was charged with two counts of first degree assault. One count, premised on § 18–3–202(1)(a), C.R.S. (1986 Repl.Vol. 8B), required proof of defendant's intent to cause serious bodily injury and required a finding that defendant actually caused the serious bodily injury to another person by use of a deadly weapon. Section 18–3–202(1)(a), C.R.S. (1986 Repl.Vol. 8B).

The other count charging first degree assault pursuant to § 18–3–202(1)(d), C.R.S. (1986 Repl.Vol. 8B) required proof that defendant, alone or with another person, committed or attempted to commit robbery, and in the course of or in furtherance of that crime, caused serious bodily injury to another person.

This latter charge required proof that the defendant committed the crime of robbery. Hence, in order to convict the defendant of first degree assault under this count, the jury was required to find the existence of every element of robbery, plus the additional element of causing serious bodily injury to the victim. *See People v. Halstead*, 881 P.2d 401 (Colo.App.1994).

Defendant was convicted of both counts of first degree assault, together with aggravat-

ed robbery. Because the People concede that defendant cannot be convicted of both assault under § 18–3–202(1)(d) and aggravated robbery, one of those convictions must be vacated.

If we vacate the aggravated robbery conviction as defendant proposes, we would thereby eliminate the accompanying crime of violence count and the fourteen-year sentence. Defendant would then stand convicted of two counts of first degree assault and only one crime of violence. However, that result would also require merger of the assault convictions. Under this scenario, his sentence would drop from twenty-eight years to sixteen years. Vacating the aggravated robbery count therefore would decrease the number of convictions to one, would cut the sentence almost in half, and would ignore the jury's separate finding that defendant's robbery was a crime of violence. Such course of action would create an impermissible result under *Glover*.

However, if we vacate the conviction for assault under § 18–3–202(1)(d), there is no loss of the violent crime count, nor does merger occur. Thus, the total convictions are reduced only to two, and the jury's finding that the aggravated robbery was a crime of violence is given effect via a consecutive sentence.

Because we are mandated by *Glover* to affirm the combination of offenses that produces the most convictions and the longest sentences, we must choose this latter option and vacate the assault conviction under § 18–3–202(1)(d). This results in two convictions together with the accompanying crime of violence counts for both offenses. Hence, defendant's consecutive fourteen-year sentences for assault under § 18–3–202(1)(a) and aggravated robbery can likewise stand.

## II.

Our disposition of defendant's other contentions of error is unaffected by the supreme court's certiorari order. Hence, our rejection of those contentions in our previous opinion remains effective.

The judgment of conviction for assault under § 18–3–202(1)(d) is vacated, and the cause is remanded for correction of the mittimus. The judgment in all other respects is affirmed.

MARQUEZ and ROTHENBERG, JJ., concur.