**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Richard Charles COLE, Defendant–Appellant.**

**No. 94CA0089.**

Colorado Court of Appeals, Div. II.

April 18, 1996.

Rehearing Denied May 16, 1996.

Certiorari Granted Nov. 12, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Janet F. Youtz, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Richard Charles Cole, appeals the judgments of conviction entered on jury verdicts finding him guilty of robbery, second degree kidnapping, first degree assault, three counts of first degree sexual assault, and crime of violence. He also challenges the sentences imposed. We affirm.

In October 1992, defendant demanded that the victim, who was a cashier at a local convenience store which defendant frequented, place the store's money into a bag and accompany him to his car. Defendant forced the victim into the car and drove away until he was forced to pull over because of a flat tire.

Thereafter, driving on the flat tire, defendant proceeded to three different locations at each of which he sexually assaulted the victim. After the third incident, he forced the victim to get out of the car and physically assaulted her, telling her that he was going to kill her. After he administered a substantial beating, during which he inflicted severe injuries on the victim, defendant had the victim return to the car and he again began to drive. When they came to a stop and the victim noticed a police car nearby, she jumped out of car and ran to the police car.

Defendant was immediately arrested and charged with the above offenses. Although convicted on all counts, he was not sentenced for the first degree assault conviction because the trial court determined that that conviction was merged into one of the first degree sexual assault convictions.

I.

Defendant first contends that the trial court erred in failing to submit his theory of the case instruction to the jury. We disagree.

Defendant submitted a general instruction which denied any criminal conduct by him regarding all the charges for which he was prosecuted. Generally, the instruction addressed one element from each of the numerous charges and attacked that element as lacking in the prosecution's case and argued that defendant was not guilty of any of the charged crimes. Furthermore, the instruction, while not informing the jury what the applicable law was regarding each charge, specifically stated that defendant was not guilty of any of the charges and, on the whole, the instruction was highly argumentative.

■ A defendant has a right to an accurate instruction to the jury on his or her theory of the case if there is any evidence in the record to support that theory. *People v. Nunez*, 841 P.2d 261 (Colo.1992). This is true no matter how improbable or unreasonable a defendant's contention might be. *People v. Rivera*, 710 P.2d 1127 (Colo.App.1985).

■ However, if a tendered instruction on a theory of the defense is already encompassed by other instructions, a defendant is not entitled to have his or her theory reiterated in a separate instruction. *People v. Young*, 710 P.2d 1140 (Colo.App.1985). In addition, if a tendered instruction is simply a general denial of the charges, the trial court should not give such an instruction. *People v. Loomis*, 857 P.2d 478 (Colo.App.1992).

Furthermore, a trial court can properly deny a theory of the case instruction which contains argumentative matter. *People v. Bowring,* 902 P.2d 911 (Colo.App.1995).

■ Here, defendant's theory of the case instruction was merely an argumentative denial of his guilt which pointed out possible weaknesses in the prosecution's case. Since any appropriate legal theories included in defendant's tendered instruction were sufficiently encompassed within other instructions tendered to the jury, the trial court did not abuse its discretion in refusing defendant's instruction and was under no obligation to assist defendant in rewording it.

## II.

Defendant next contends that the evidence was insufficient to support his convictions of first degree sexual assault. We disagree.

■ When sufficiency of the evidence is the basis for an appeal of a judgment based on a jury verdict, we must determine whether the evidence, when viewed as a whole and in a light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988). In addition, the prosecution must be given every reasonable inference which can be fairly drawn from the evidence. *People v. Gonzales,* 666 P.2d 123 (Colo.1983).

■ The determination of the credibility of witnesses is solely within the province of the fact finder. *People v. Franklin,* 645 P.2d 1 (Colo.1982). Finally, an appellate court may not sit as a thirteenth juror and set aside a jury verdict because it might have reached a different conclusion. *Kogan v. People, supra.*

Section 18–3–402, C.R.S. (1986 Repl.Vol. 8B) requires proof that defendant knowingly inflicted sexual intrusion or sexual penetration on the victim through the actual application of physical force or physical violence. Since defendant was convicted under § 18–3–402(3)(b), C.R.S. (1986 Repl.Vol. 8B) which elevates the crime to a class 2 felony, the evidence must show that the sexual assaults were attended by circumstances in which the victim suffered serious bodily injury.

### A.

■ Defendant argues that the evidence does not show that he accomplished the sexual assaults by application of physical force or physical violence but, instead, that the evidence supports only a finding that the victim succumbed out of fear.

The record reflects that the three sexual assaults occurred under circumstances in which defendant pinned the victim's head down as he sexually assaulted her, forcefully pushed her head down on his genitals, hit her in her mouth, and was very physical both in his actions generally and in his handling of the victim during the three sexual assaults. This testimony is more than sufficient to support a conclusion by a reasonable person that defendant accomplished the sexual assaults by the application of physical force or physical violence.

### B.

■ In addition, defendant argues that the serious bodily injury suffered by the victim occurred during the physical assault that occurred after, rather than during, any of the sexual assaults and that, therefore, the sexual assaults cannot be escalated to class 2 felonies.

Section 18–3–402(3)(b), C.R.S. (1986 Repl. Vol. 8B) states, in pertinent part, as follows:

> Sexual assault in the first degree is a class 2 felony if it is attended by ... the following circumstances: ... (t)he victim suffers serious bodily injury.

While the statute does not define the term "attended," the common definition of the term is: "to be present with," "to be present at," or to "accompany." *Webster's Third New International Dictionary* 140. Furthermore, "attendant circumstances" is defined as: "facts surrounding an event." *Black's Law Dictionary* 116 (rev. 5th ed. 1979).

Here, the record amply reflects that the defendant inflicted an extensive beating on

the victim, while threatening to kill her. The beating resulted in extensive damage to her face, a broken nose, one eye swollen shut, bruises on her neck, and even lacerations inside her mouth. The victim endured this beating just subsequent to the third sexual assault.

The record reveals that the beating during which these damages were inflicted occurred in such close temporal proximity to the sexual assaults that a reasonable person could conclude beyond a reasonable doubt that the physical assault and serious bodily injuries accompanied and were, therefore, attendant circumstances of the sexual assaults because they constitute a significant part of the facts surrounding those events.

### III.

Defendant next contends that the trial court erred in merging his conviction for first degree assault into one of his convictions for first degree sexual assault. We disagree.

Defendant argues that, under § 18–1–408, C.R.S. (1986 Repl.Vol. 8B) one of his first degree sexual assault convictions, which was the predicate offense under § 18–3–202(1)(d), C.R.S. (1986 Repl.Vol. 8B) upon which the first degree assault conviction relied, should have merged into his conviction for first degree assault. Instead, the trial court concluded that his conviction for first degree assault merged into one of his convictions for first degree sexual assault.

Section 18–1–408(1), C.R.S. (1986 Repl.Vol. 8B) provides that when any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense. However, he or she may not be convicted of more than one offense if one of the offenses is included in the other. Section 18–1–408(1)(a), C.R.S. (1986 Repl.Vol. 8B).

Section 18–1–408(5), C.R.S. (1986 Repl.Vol. 8B) provides that a defendant may be convicted of an offense included in an offense charged in the information. An offense is so included when it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Section 18–1–408(5)(a), C.R.S.

(1986 Repl.Vol. 8B). The statute, however, does not specify which conviction must be vacated if a defendant is convicted of both a predicate offense and an offense that relied upon the predicate offense.

Defendant's conviction of first degree assault under § 18–3–202(1)(d) resulted from the jury finding that, while in the course of, in furtherance of, or in immediate flight from committing first degree sexual assault, defendant caused serious bodily injury to the victim.

The trial court recognized that, because the first degree assault charge required the jury to find that defendant committed the crime of first degree sexual assault as a predicate offense for a conviction of first degree assault, defendant could not be convicted and sentenced for both the first degree assault and the predicate first degree sexual assault. The trial court, therefore, merged the first degree assault into one of the first degree sexual assault convictions and neither convicted nor sentenced defendant for the first degree assault.

The prosecution contends that this result is correct under § 18–1–408 since that statute requires only that a defendant may not be convicted of more than one offense when a defendant's conduct establishes the commission of more than one offense and one is an included offense in the other. The prosecution argues that, in accordance with the holding in *People v. Glover*, 893 P.2d 1311 (Colo. 1995), the trial court should select the offenses for which defendant was convicted that produce the most convictions and the longest sentences in order to maximize the effect of the jury's verdicts.

Applying that principle here, the prosecution argues that, because one of the first degree sexual assault convictions, which was the predicate offense for the first degree assault, was a Class 2 felony and would result in a longer sentence under the guidelines as opposed to the first degree assault conviction, a Class 3 felony, the trial court correctly merged the first degree assault conviction into one of the first degree sexual assault convictions in order to produce the longest

sentences and maximize the effect of the jury's verdicts.

In *People v. Halstead,* 881 P.2d 401 (Colo. App.1994), a division of this court addressed the peculiar anomaly created by the application of § 18–1–408 when there is a conviction of first degree sexual assault and a conviction of first degree assault under § 18–3–202(1)(d), relying on a first degree sexual assault as a predicate offense in proving the first degree assault. In that case, the division concluded that the conviction for first degree sexual assault, which was the predicate offense, should be vacated in accordance with § 18–1–408(1)(a) and § 18–1–408(5)(a).

However, the court in *Halstead* did not have the benefit of the subsequently issued ruling in *People v. Glover, supra.* In *Glover,* our supreme court set forth its rationale of why it had previously merged multiple convictions on a single victim in *People v. Lowe,* 660 P.2d 1261 (Colo.1983) and *People v. Bartowsheski,* 661 P.2d 235 (Colo.1983). It concluded that upon multiple convictions, wherein one must be vacated, the trial court should enter as many convictions and impose the longest sentences as are legally possible fully to effectuate the jury's verdict. *People v. Glover, supra.*

In *People v. Fisher,* 904 P.2d 1326 (Colo. App.1994) a division of this court vacated an aggravated robbery conviction that was the predicate offense for a first degree assault conviction even though the aggravated robbery conviction provided for a more severe penalty. However, upon reconsideration in light of *Glover,* that division vacated the first degree assault conviction and allowed the defendant to be sentenced under the aggravated robbery conviction since it provided for a more severe penalty and more accurately effectuated the jury's verdict. *People v. Fisher,* 926 P.2d 170 (Colo.App.1996).

While we recognize that the *Glover* and *Fisher* cases are distinguishable from this case based on the respective charges concerning which the defendants in those cases were convicted, and the difference between convictions on greater/lesser charges and those which, as here, serve as predicates to other charges, we, nevertheless conclude that those cases are controlling here because of the strong statement of policy in *Glover* regarding maximum effectuation of jury verdicts. Furthermore, we note that the statutes requiring merger of charges do not preclude the result reached here.

Accordingly, we consider *People v. Glover, supra,* as controlling here, and conclude that, here, the trial court correctly merged defendant's conviction for first degree assault into one of his convictions for first degree sexual assault.

## IV.

Finally, defendant contends that the trial court abused its discretion in sentencing him to consecutive terms of imprisonment for the three sexual assault convictions, kidnapping conviction, and robbery conviction. Again, we disagree.

Sentencing is, by its nature, a discretionary matter in which the trial court is given broad discretion because of its greater familiarity with the defendant and facts of the case. *Rocha v. People,* 713 P.2d 350 (Colo.1986). Furthermore, only in truly exceptional circumstances will an appellate court substitute its judgment for the judgment of the trial court as to the appropriate sentence. *People v. Vigil,* 718 P.2d 496 (Colo.1986).

In order for a defendant to obtain a reversal on sentencing, a defendant must show that the trial court abused its discretion in sentencing and that the trial court's actions were manifestly arbitrary, unreasonable, or unfair. *People v. Milton,* 732 P.2d 1199 (Colo.1987).

Here, defendant argues that his three sentences of 48 years for each sexual assault, 48 years for kidnapping, and 8 years for robbery, to run consecutively, constitute a life sentence for actions which were all part of one criminal episode. While we recognize that such is in fact the case, the trial court found that the victim's survival and retention of her sanity were truly remarkable considering the brutality of the crimes and the violence defendant had inflicted upon her.

Furthermore, the record reflects that defendant showed no remorse whatsoever for his actions and, in fact, blamed other people

for his situation. For instance, he expressed the notion that the victim, not he, was guilty of the robbery since she took the money out of the store's cash register, and he appeared to view himself as the victim of the entire incident.

In addition, from the evidence presented, materials in the pre-sentence report, and defendant's own statements, the trial court concluded that defendant is an individual who is extremely dangerous, not only to the victim but also to other persons, and that he is a person who constitutes a substantial and real threat to the community.

Since all of the offenses for which defendant was convicted were separate and distinct offenses that occurred during a protracted period, and were supported by separate facts, the trial court concluded that concurrent sentences would not appropriately punish defendant for his actions. Under these circumstances, and because the sentences were within the sentencing guidelines, we hold that, although the sentences are extensive, the trial court did not abuse its discretion in sentencing defendant.

Accordingly, the judgments of conviction and the sentences imposed thereon are affirmed.

CRISWELL and HUME, JJ., concur.