23CA0921 Peo v Franklin 07-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0921
City and County of Denver District Court No. 22CR808
Honorable Ericka F.H. Englert, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Benjamin O. Franklin,

Defendant-Appellant.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE KUHN
Moultrie and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lauretta A. Martin Neff, Alternate Defense Counsel, Montrose, Colorado, for
Defendant-Appellant

* Sitting by assignment of the Chief Justice under provisions of Colo. Const.
art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Benjamin O. Franklin, appeals the notation on the mittimus listing his first degree assault conviction as a class 3 felony.  We remand for correction of the mittimus.

## I.    Background

¶ 2    The prosecution charged Franklin with, among other offenses, first degree assault with a deadly weapon causing serious bodily injury under section 18-3-202(1)(a), C.R.S. 2024.

¶ 3    At trial, Franklin argued that he committed the assault in the heat of passion.  The trial court instructed the jury on the elements of first degree assault under section 18-3-202(1)(a).  The court also instructed the jury that, if it found Franklin guilty on the first degree assault charge, it should also determine whether Franklin committed the assault upon a provoked and sudden heat of passion as provided by section 18-3-202(2)(a).

¶ 4    The jury found Franklin guilty of, among other offenses, first degree assault.  In a special interrogatory, the jury also found that Franklin committed the assault upon a provoked and sudden heat of passion.

¶ 5    The presentence investigation report (PSIR) correctly noted that the jury had found Franklin guilty of "Assault 1-SBI with

Deadly Weapon - Heat of Passion F5" under section "18-3-202(1)(a), (2)(a)."  The PSIR also correctly noted that the applicable sentencing range for that class 5 felony, which was a crime of violence and an extraordinary risk crime, was two-and-a-half to eight years in prison.  *See* § 18-1.3-401(1)(a)(V.5)(A), (8)(a)(I), (10)(a), (10)(b)(XII), C.R.S. 2024; § 18-1.3-406(2)(a)(I)(A), (2)(a)(II)(C), C.R.S. 2024; § 18-3-202(1)(a), (2)(a), (2)(c).

¶ 6    At sentencing, the prosecutor asked the court to sentence Franklin "to the maximum of 8 years" on the assault conviction. The court sentenced Franklin to eight years in prison on that conviction.

¶ 7    However, the mittimus issued on the day of sentencing did not list Franklin's first degree assault conviction as a class 5 felony under section 18-3-202(1)(a) and (2)(a).  Instead, the mittimus listed that conviction as a class 3 felony under only section 18-3-202(1)(a).

## II.    Analysis

¶ 8    Franklin contends, the People concede, and we agree — based on the clear record before us — that the mittimus incorrectly lists Franklin's first degree assault conviction as a class 3 felony under

only section 18-3-202(1)(a).  The record clearly shows that Franklin was convicted of, and sentenced on, a class 5 felony count of first degree assault committed under a sudden heat of passion.  See § 18-3-202(1)(a), (2)(a).

¶ 9    The parties also agree that the aforementioned error on the mittimus constitutes a clerical error.  Under Crim. P. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."  Clerical errors under Crim. P. 36 can include "not only errors made by the clerk in entering the judgment, but also those mistakes apparent on the face of the record . . . which cannot reasonably be attributed to the exercise of judicial consideration or discretion."  *People v. Baker*, 2019 CO 97M, ¶ 21 (quoting *People v. Glover*, 893 P.2d 1311, 1316 (Colo. 1995)).

¶ 10   Based on the clear record before us, we agree that the aforementioned error on the mittimus constitutes a clerical error.  Such an error can be corrected "at any time," *id.*, and the parties' briefs show that they both have notice of the error, *see* Crim. P. 36.

## III. Disposition

¶ 11    We note that, after Franklin appealed his judgment of conviction, he filed a pro se motion for correction of the mittimus in the underlying trial court case. We take judicial notice of the subsequent proceedings in the trial court case. *See People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004). The trial court issued an order, granting his request in part. The court then issued an amended mittimus listing Franklin's conviction for first degree assault committed under a sudden heat of passion as a class 5 felony. However, Franklin's filing of his appeal on this very issue divested the trial court of jurisdiction relating to the judgment on appeal. *See People v. Dillon*, 655 P.2d 841, 844 (Colo. 1982) ("Unless otherwise specifically authorized by statute or rule, once an appeal has been perfected, the trial court has no jurisdiction to issue further orders in the case relative to the order or judgment appealed from.").

¶ 12    Accordingly, Franklin's judgment of conviction for first degree assault mitigated by circumstances of a provoked and sudden heat of passion under section 18-3-202(1)(a) and (2)(a) is affirmed. The case is remanded to the district court to correct the mittimus to

reflect that Franklin's first degree assault conviction is a class 5 felony under section 18-3-202(1)(a) and (2)(a). The court should issue an amended mittimus after reacquiring jurisdiction following issuance of the appellate mandate. The remainder of the judgment is not challenged on appeal and remains undisturbed.

JUDGE MOULTRIE and JUDGE BERGER concur.