24CA1111 Peo v Fareti 09-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1111
Douglas County District Court No. 01CR600
Honorable Natalie Girard Stricklin, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Herman Fareti,

Defendant-Appellant.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Grove and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

---

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Herman Fareti, Pro Se

¶ 1     Defendant, Herman Fareti, appeals the postconviction court's order denying his "petition for rehearing on post-conviction claims." We affirm the order but remand for correction of the mittimus to reflect the postconviction court's ruling waiving the sex offender surcharge.

## I.     Background

¶ 2     In 2002, Fareti pleaded guilty to sexual assault on a child by one in a position of trust. The district court sentenced him to an indeterminate term of four years to life in prison. However, the district court didn't impose the sex offender surcharge, which is mandatory on a conviction for a sex offense, *see* § 18-21-103(1), C.R.S. 2025, unless the court waives the surcharge based on the defendant's indigency, *see* § 18-21-103(4).

¶ 3     Since then, Fareti has filed numerous postconviction motions. His two motions relevant to this appeal were filed in 2023 and 2024.

¶ 4     In the 2023 motion, Fareti claimed that his sentence was illegal under Crim. P. 35(a) because the district court didn't impose the sex offender surcharge at sentencing.

¶ 5 In April 2024, the postconviction court granted the motion "in part." The court agreed with Fareti that his sentence was illegal because of the failure to impose the sex offender surcharge. The court then waived the surcharge based on its finding that Fareti didn't have the ability to pay any portion of the surcharge. In doing so, the court said, "A new mittimus stating the surcharge has been waived shall issue." And the court concluded that the illegality of Fareti's sentence didn't affect the finality of his conviction and that the rest of Fareti's original sentence remained final.

¶ 6 Fareti then filed his "petition for rehearing on post-conviction claims." He repeated his argument that his original sentence was illegal because of the failure to impose the sex offender surcharge. He also argued that the postconviction court erred by concluding that the illegality of his sentence did not affect the finality of his conviction and sentence.

¶ 7 In May 2024, the postconviction court denied Fareti's "petition for rehearing." The court "continue[d] to find" that Fareti's original sentence was illegal because of the failure to impose the sex offender surcharge. And the court again clarified that it was waiving the surcharge because of Fareti's indigency. **(Id.)** The

court again rejected Fareti's argument that his entire sentence is illegal and not final. There is no indication in the record, however, that the mittimus was ever amended in accordance with the court's April 2024 order to reflect that the sex offender surcharge was waived.

## II. Analysis

¶ 8    Fareti contends, the People concede, and we agree that Fareti's original sentence was illegal under Crim. P. 35(a) because it didn't include any ruling pertaining to the sex offender surcharge. *See People v. Ehlebracht*, 2020 COA 132, ¶¶ 45-46.

¶ 9    Fareti also contends, the People also concede, and we also agree that the mittimus should be amended to reflect the court's ruling in its April 2024 order waiving the sex offender surcharge. Indeed, the court's April 2024 order specifically said, "A new mittimus stating the surcharge has been waived shall issue." There isn't any indication in the record before us or in the register of actions for the district court case that the mittimus has been amended accordingly. *See People v. Sa'ra*, 117 P.3d 51, 55-56 (Colo. App. 2004) ("A court may take judicial notice of the contents of court records in a related proceeding."). Thus, we remand the

case for the mittimus to be amended to reflect that the sex offender surcharge is waived.

¶ 10    Some statements in Fareti's opening brief indicate that amending the mittimus in that way is the *only* relief he seeks on appeal.  For example, his opening brief "request[s] the district court be instructed to correct the sentence by issuing an amended mittimus showing the surcharge has been removed and waived due to his indigence."  And he appears to make that even clearer when he says, "Because the district court has already determined [he] is indigent and the surcharge should be waived, the *only* thing left is to amend the mittimus to reflect this finding."  (Emphasis added.)

¶ 11    However, we are skeptical of Fareti's claim that his sentence remains illegal under Crim. P. 35(a) because that notation hasn't been added to the mittimus.  Given the court's April 2024 ruling waiving the sex offender surcharge, it appears that the failure to amend the mittimus to reflect that ruling amounts to a mere clerical error under Crim. P. 36, which can be corrected "at any time."  Crim. P. 36; *see also People v. Baker*, 2019 CO 97M, ¶ 21 (Clerical errors under Crim. P. 36 can include "not only errors made by the clerk in entering the judgment, but also those mistakes

apparent on the face of the record . . . which cannot reasonably be attributed to the exercise of judicial consideration or discretion." (quoting *People v. Glover*, 893 P.2d 1311, 1316 (Colo. 1995))).  But even if Fareti's sentence remains illegal under Crim. P. 35(a) because the mittimus hasn't yet been amended to reflect that the sex offender surcharge has been waived, that illegality in the sentence can also be corrected "at any time."  Crim. P. 35(a).

¶ 12    That being said, Fareti's opening brief includes other requests for relief that aren't warranted.  In the "Argument Summary" of the opening brief, Fareti argues that the case should be remanded for "resentencing."  And in the "Conclusion" of the opening brief, Fareti asks us to remand to the district court with instructions to "vacate" the illegal sentence.

¶ 13    We decline these requests.  "Sentences can be illegal in different ways, and the nature of the illegality will dictate how courts correct those sentences."  *Hunsaker v. People*, 2015 CO 46, ¶ 33.  To the extent that Fareti's sentence remains illegal because the mittimus hasn't been amended to reflect the court's April 2024 ruling waiving the sex offender surcharge, the only appropriate

remedy to correct that illegality is to amend the mittimus to reflect the court's April 2024 ruling waiving the sex offender surcharge.

## III. Disposition

¶ 14    The order is affirmed, and the case is remanded with directions to amend the mittimus to reflect that the sex offender surcharge is waived.

JUDGE GROVE and JUDGE SCHUTZ concur.