24CA2099 Peo v Cummins 02-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2099
City and County of Denver District Court No. 22CR7108
Honorable Demetria E. Trujillo, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Antonio A. Cummins,

Defendant-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE YUN
Grove and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

---

Philip J. Weiser, Attorney General, Claire V. Collins, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Antonio A. Cummins, Pro Se

¶ 1     Antonio A. Cummins appeals the district court's order denying his request for presentence confinement credit (PSCC).  We reverse the order and remand for the court to correct the mittimus.

¶ 2     Cummins pleaded guilty to felony domestic violence — habitual offender (count two), misdemeanor third degree assault (count three), and felony attempted second degree assault (count fourteen).  In exchange, the prosecution agreed to dismiss the remaining counts and stipulated to a four-year aggregate sentence in the custody of the Department of Corrections (DOC).  The agreement was silent as to PSCC.

¶ 3     At the sentencing hearing, defense counsel informed the district court that Cummins had spent 182 days in presentence confinement.  The court then made the following oral ruling:

> In agreement with the parties and imposing the stipulated sentence as follows.  As to . . . count two, the Court imposes four years in the [DOC] plus two years mandatory period of parole running concurrently to count three and count fourteen . . . .  [A]s to count three, I'm going to sentence you to one hundred eighty days in the Denver County Jail.  That will run concurrently to count two and count fourteen . . . .  [A]s to count fourteen, I will sentence you to four years in the [DOC] plus two years mandatory period of parole.  That shall run concurrently to count three and

1

> count two . . . . The Court will not order
> restitution as the victim has not come forth
> with a pecuniary loss. The Court will award
> one hundred and eighty-two days [PSCC].

The mittimus reflects this sentencing order but lists the award of 182 days of PSCC in relation to count three only.

¶ 4 Over a year later, Cummins sent a letter to the court, stating that he had inquired into his mandatory prison release date and learned that the DOC was not properly applying his PSCC to his sentence because of how the credit was listed on the mittimus. He asked the court to correct the issue to ensure that he received his PSCC. The court construed the letter as a Crim. P. 35(a) motion to correct a sentence imposed in an illegal manner and denied it. The court found that it had "ordered 182 days PSCC . . . specifically be allocated to Count [three] only" and that "[t]he issued mittimus accurately reflects the Court's order." The court thus determined that Cummins was not entitled to additional PSCC and, regardless, his Crim. P. 35(a) challenge was untimely.

¶ 5 We conclude that the record does not support the court's finding that the 182 days of PSCC was allocated to count three only. While the mittimus reflects such an allocation, the court's

2

oral ruling was an unconditional "award [of] one hundred and eighty-two days [PSCC]." When such a discrepancy exists, a court's oral pronouncement of sentence takes precedence over the mittimus. *See People v. Tennyson*, 2023 COA 2, ¶ 37, *aff'd*, 2025 CO 31.

¶ 6 We are thus persuaded that Cummins's letter should have been construed as a Crim. P. 36 request to correct the mittimus to accurately reflect the court's oral PSCC ruling. *See People v. Baker*, 2019 CO 97M, ¶ 21; *People v. Wood*, 2019 CO 7, ¶¶ 39-40; *People v. Glover*, 893 P.2d 1311, 1316 (Colo. 1995); *see also People v. Cali*, 2020 CO 20, ¶ 34 ("[W]e will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings.").

¶ 7 So construed, we conclude that the mittimus must be corrected to reflect the court's oral award of PSCC against each of the concurrent sentences imposed in this case. *See Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985) (For "concurrent sentences, the period of presentence confinement should be credited against each sentence" because "concurrent sentences obviously commence at the same time and in functional effect result in one term of

imprisonment represented by the longest of the concurrent sentences imposed" and "[o]nly by giving credit against each concurrent sentence will the defendant be assured of receiving credit for the full period of presentence confinement against the total term of imprisonment.").

¶ 8     Accordingly, the order is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE GROVE and JUDGE SCHOCK concur.